SARAH E. ALDRICH *vs.* MERCANTILE MUTUAL ACCIDENT
ASSOCIATION.

Suffolk.    March 22, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Beneficiary Association — Classification of Risks — " Spare Conductor " —
Extrinsic Evidence.*

A certificate of membership in a beneficiary association described the assured, who
was killed while acting as a railroad brakeman, as a "spare conductor," and
provided that, if he should be injured while engaged in an occupation more
hazardous than his regular employment, the indemnity to be paid in case of
death should be that fixed for the more hazardous employment. The associa-
tion classified the employment of brakeman as more hazardous than that of
conductor, and fixed an indemnity for each, but did not classify or fix an
indemnity for that of "spare conductor." *Held,* that the beneficiary under
the certificate was only entitled to the indemnity allotted a brakeman.

Evidence that the duties of a spare conductor included those of a brakeman as
well as of a conductor was *held,* in an action upon such certificate, to be im-
properly admitted.

CONTRACT to recover $3,000 on a certificate of membership
in the defendant association, issued to John A. Aldrich, for the
benefit of his wife, Sarah E. Aldrich. Trial in the Superior
Court, before *Blodgett,* J., who, after a verdict for the plaintiff,
reported the case for the determination of this court. The
material facts appear in the opinion.

*J. H. Benton, Jr. & A. A. Maxwell,* for the plaintiff.

*E. Avery & A. E. Avery,* for the defendant.

DEVENS, J.  The certificate of membership in the defendant
association permitted an employment different from that desig-
nated as the regular or usual employment of the assured in his
application and in the certificate. If injured while thus en-
gaged, temporarily or otherwise, in an employment classified by
the association as more hazardous than the one thus stated as
the regular employment of the insured, the indemnity to be paid
in case of death was to be at the rate specified for the occupa-
tion in which he was at the time of the injury actually engaged.
In his application, the insured, who was in the employment of a
railroad company, had been asked to state his " Occupations: if
more than one, state them all, — state your duties." His answer

was, "Spare conductor, through freight," and he was so described in the certificate. The defendant classified the several employments of conductor, baggage master, and brakeman at different rates, that of brakeman being classified as more hazardous than that of baggage master, and entitling the beneficiary under the certificate to $250 in case of the death of the member, that of baggage master as more hazardous than that of conductor, and entitling the beneficiary to $1,250, while the beneficiary under a certificate of conductor would be entitled to $2,000. The court below ordered a verdict for the sum last named, and interest. The association had not classified the occupation of a "spare conductor," nor determined what indemnity the death of a member while engaged in that occupation should entitle the beneficiary to receive.

Aldrich, the holder of the certificate, was killed while performing the duties and doing the work of a brakeman on a mixed or through freight train, under the direction of another person as conductor, and the plaintiff offered evidence, which was admitted against the objection of the defendant, that "the duties of a spare conductor upon the railroad upon which said Aldrich was employed were to do anything and go anywhere on any train, at any time, and in any capacity"; that Aldrich sometimes ran the freight train as conductor, sometimes acted as baggage master, sometimes as brakeman, his duties depending on what was assigned to him, he being expected to do whatever was assigned to him. The plaintiff was thus allowed to prove that the occupation of "spare conductor" upon the road on which he was engaged was a composite employment, embracing every variety of the work of those engaged in running a train, except perhaps that of the engineer. It is therefore contended that Aldrich was legitimately within his duty as a spare conductor when killed, although actually doing the work and incurring the hazards of a brakeman.

No general use of the term in this sense was shown, nor did it appear that the defendant had any knowledge that it was so used upon the road where Aldrich was employed. *Scudder* v. *Bradbury*, 106 Mass. 422. The defendant must, therefore, have insured him according to the meaning of those words as ordinarily understood. When insured as a conductor on a freight

train, it was to be inferred that his duties were those of a conductor. The adjective "spare," in its ordinary lexical sense, would mean "supernumerary," or "held in reserve, to be used in an emergency." See Worcester's Dict. and Webster's Dict., *Spare.* It would properly distinguish one occasionally employed from one regularly and continuously employed. The word gave no intimation that he was engaged or desired to be insured in the performance of any other duties than those of a conductor. When words having an established place in the language are employed, and apparently used in no technical or peculiar sense, they must be construed according to their use as established. *Odiorne* v. *New England Ins. Co.* 101 Mass. 551. The defendant was not obliged to inquire what sense the applicant attributed to the word "spare" in the connection in which he used it. He should have defined it if that sense was unusual. Where there had been a classification of the various employments in which the insured was engaged, the defendant could not suppose that he sought to be insured except as a conductor, or that by this word he sought to embrace those otherwise distinct employ ments.

The insured having been actually engaged as brakeman when he was killed, the beneficiary is therefore entitled to recover only the sum of $250. *Judgment accordingly.*