EGGENBERGER *v.* GUARANTEE MUT. ACCIDENT ASS'N.

*(Circuit Court, D. Minnesota.  December, 1889.)*

1. ACCIDENT INSURANCE—CONSTRUCTION OF POLICY.
    Under a certificate of accident insurance, providing that it "shall not extend to injuries of which there is no visible mark on the body of the insured," nor to death resulting from various causes, the company is liable, in case of accidental death, though there was no visible mark of the injury on the body.

2. SAME—OCCUPATION.
    The occupation of a wood-chopper being classed as more hazardous than that of a stationary engineer, in which latter class deceased was insured, and he having been fatally injured while chopping fire-wood for his own use, the question for the jury is whether he was injured while performing an act peculiarly embraced in the occupation of a wood-chopper, and not in that of a stationary engineer, and not simply whether he was engaged temporarily in an occupation more hazardous than that of a stationary engineer.

At Law.   On motion for new trial.
*Davis, Kellogg & Severance,* for plaintiff.
*Eller & How,* for defendant.

NELSON, J.   This action was upon a certificate issued to the plaintiff's husband by the defendant, payable, in case of death by accident, to her.
    The contract of insurance was against bodily injuries effected through external, violent, and accidental means, and if death should result from such injuries alone, and within 90 days, agreeing to pay the plaintiff $3,000.   The occupation of the plaintiff was stated in the application

as a stationary engineer.   The insured died in March, 1888, while he was chopping and getting some fire-wood for his own use, in the woods some six miles below his residence.   The place where he was at work was slippery, because of the sleet and hail that had fallen.   The testimony of the companion with him is that he split a piece of cord-wood which he had cut, and while he was splitting the wood, and throwing it one side, he was heard by his companion, who stood near him, to fall, and was found lying across a log unconscious, and he died within a minute.   There was a verdict for $3,000.

In the certificate it was provided that the insurance "shall not extend to injuries of which there is no visible mark on the body of the insured, nor extend to  *  *  *  accidental,  *  *  *  death, resulting" from various causes.   It is claimed that because it did not appear by any evidence whatever that there was any visible external mark on the body of the insured, of the injury which was alleged to have caused his death, that the court should have directed a verdict for the defendant. Upon this branch of the case, my construction of the certificate, on the trial, was that the "visible mark upon the body of the insured" was only required to exist in cases of bodily injuries which did not result in death, and I am sustained in this construction by the following authorities: *Mallory* v. *Insurance Co.*, 47 N. Y. 52; *Paul* v. *Insurance Co.*, 45 Hun, 313; *McGlinchy* v. *Casualty Co.*, (Me.) 14 Atl. Rep. 13.

But it is claimed that the insured was fatally injured while doing an act pertaining to an occupation (to-wit, a wood-chopper) classed by the association as more hazardous than the occupation under which this certificate is issued, and that the insured could, in no event, recover more than the indemnity of the class in which such more hazardous occupation is classified.   In the body of the certificate is the following provision: "The insured member is required to notify the president or secretary of the association immediately and in writing of any change in the occupation under which this certificate and insurance are granted, and if the insured member be fatally injured, while doing or performing any act or thing pertaining to an occupation classed by this association as more hazardous than the occupation under which this certificate is issued, the insured member, or his beneficiary, as the case may be, shall be entitled only to the indemnity of the class in which such more hazardous occupation is classified by this association."   The occupation of a wood-chopper is found in class 5, and that of a stationary engineer in class 3, rated as less hazardous.   While it might be difficult, in many cases, to say what acts or things are properly incident to one occupation which are not so to any other, still I think it should have been submitted to the jury to determine, from the evidence, whether the act or thing which the insured was doing or performing, at the time of his death, more properly pertained to the business of a wood-chopper, and did not belong to his own occupation.   The court in its charge to the jury, while it fully instructed them to determine from the evidence whether, under the circumstances, and within the terms of the policy, at the time of death, the insured was engaged temporarily in an occupation more hazardous

than that of a stationary engineer, it failed to instruct them fully, and submit to them the distinct question to be determined, whether the insured was fatally injured while performing an act peculiarly embraced in the occupation of a wood-chopper, and not in that of a stationary engineer; and for this reason I think that a motion for a new trial should be granted, and it is so ordered.    Costs to abide the event.