## Metropolitan Accident Association v. Sid. Hilton.

1. ACCIDENT INSURANCE—*Defenses Under Conditions in the Policy.*—A person insured in an accident association in class A was injured while engaged in an occupation rated as class C. The policy provided that in case of injury sustained "while engaged in any act, occupation or exposure, classified as more hazardous than the occupation here given, this insurance shall not be forfeited nor void, but he or his beneficiary shall be entitled to receive within the limits of the more hazardous class that indemnity which his payments would have purchased therein." The indemnity under class A was purchasable at a lower rate than under class C. *Held*, that the defendant was entitled to show, in an action on the policy, what indemnity the payment made by him under class A would have purchased under class C.

Assumpsit.—On an accident policy. Appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

J. C. McQUIGG and A. McCASKILL, attorneys for appellant.

E. A. HUMPHREYS and J. C. McBRIDE, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Shortly stated, the case is that the plaintiff held a policy of accident insurance in which he was classed as a "Proprietor of livery—office duties"—with office duties correspond-

ing to those shown in class A. He was injured while driving one of his own cabs. The defendant contended that while so engaged the plaintiff was to be classed as a cabman, under class C.

The policy provided that in case of injury sustained while engaged in any act, occupation or exposure more hazardous than that given, the insurance should not be void, but that the insured should receive within the limits of the more hazardous class that indemnity which his payments would have purchased therein. The indemnity under class A was purchasable at a lower rate than under class C, and the defendant sought to show what indemnity the payment made under A would have purchased under C, but the court excluded the offered proof, and by instruction No. 1 advised the jury that the fact that plaintiff was injured while so driving the cab was immaterial.

We think the view thus taken by the court was erroneous.

It is quite clear that the act of the plaintiff in driving the cab was not merely incidental to his general occupation, but was in fact a part of it. Apparently he was doing so for hire and profit, and that in the line of his business as a livery proprietor. It was not, however, such an act as would be included within the range of office duties, specified in class A, and no doubt was more hazardous.

The so-called blanket provision will not include this injury for the reason that the accident occurred while the plaintiff was engaged in his occupation of livery proprietor —while that provision is in terms limited to "those accidental injuries common to all men which may occur to the insured while not engaged in his occupation."

The cases cited by appellee as sustaining his position are, we think, not in point.

The judgment will be reversed and the cause remanded.