it. But would such account show whether the firm had it, and what does it show? The affiant's idea of what it shows, and his belief deduced therefrom, is not the fact upon which the judicial mind could base a conclusion. The trouble· is that no fact is stated in this connection from which it could be inferred that the firm had preferred to the executors a debt that it did not owe them. A valid indebtedness to that amount is entirely consistent with every statement made in that affidavit, and hence no intent to defraud can be based upon it. As to the remaining averments in this affidavit, it is not necessary to analyze each by itself. It is sufficient to say that none· of them are inconsistent with an honest purpose on the part of the firm in making the assignment in question. I conclude, therefore, that the prior fraudulent act of Wallace in diverting the funds of the firm to the payment of his individual debts, or his design to secrete its assets to his own use, unless it was known to and acquiesced in by the other partners, would not be ground for attachment against the· firm's property. I further conclude that there is no fact shown in the moving papers from which the judge might lawfully infer that the co-partners of Wallace were privy to his fraudulent designs, or that they made the assignment in question with the intent to defraud their creditors. In this matter the defendants are not the moving parties. If they were, the special term, in the exercise of its discretion, might perhaps have required them to affirmatively show that the firm was not privy to Wallace's acts, and because they did not, on affidavits, fully explain the whole transaction, it might have allowed the attachment to stand. But subsequent lienors have not the means for such a full explanation, and the case becomes one of strict legal right between rival creditors, each claiming the better lien; and the sole question presented is whether the affidavits upon which the attachment was granted were sufficient to warrant it. Haebler v. Bernharth, 115 N. Y. 463, 22 N. E. 167. For those reasons the order of the special term should be reversed, with costs.

Order appealed from reversed, with costs and disbursements, and the motion to vacate the attachment granted, with costs. All concur.

---

### KEEFFE v. NATIONAL ACC. SOC. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. ACCIDENT INSURANCE—VOLUNTARY EXPOSURE—QUESTION FOR JURY.

    A person, by riding in a bicycle race, does not, as a matter of law, over-exert himself, or voluntarily expose himself to danger, within a provision of an accident policy that it shall not cover injuries resulting from voluntary overexertion, or voluntary or unnecessary exposure to danger.

2. SAME—PLEADING DEFENSE.

    Under an answer which sets up as a defense that the policy sued on provided that no action should be brought thereon unless commenced within one year from the date of the accident, defendant cannot show that the policy provided that no recovery could be had unless action should be begun within six months from the date of the receipt of proofs of the injury.

3. Contracts—Ousting Courts of Jurisdiction.

 A provision in an insurance policy, that the insured shall submit to arbitration any differences that may arise as to his rights under it, is void as ousting the courts of jurisdiction.

 Appeal from circuit court.

 Action by John J. Keeffe against the National Accident Society of New York on an accident policy. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

 Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

 Stephen W. Collins, for appellant.

 D. F. Keeffe (A. Armstrong, Jr., of counsel), for respondent.

 PARKER, P. J. This action is brought upon an accident policy issued by the defendant to the plaintiff, and is to recover for injuries sustained while riding in a bicycle race. The following provision was contained in the policy: "This policy shall not extend to or cover injury resulting from voluntary overexertion, either voluntary or unnecessary exposure to danger, or to obvious risk of injury." The defendant claimed that an injury sustained while riding in such a race was within the above exception, and moved for a nonsuit on that ground. The court denied the motion, and, on that subject, submitted to the jury the question whether the plaintiff was injured by his voluntarily or unnecessarily exposing himself to danger, or to the obvious risk of injury. This was, we think, a correct disposition of the question raised by the defendant. It cannot be said, as a matter of law, that the plaintiff was overexerting himself, nor that he voluntarily exposed himself to danger by entering into the race. Different and equally intelligent and unbiased men might fairly differ in opinion as to whether or not, by taking part in such a race, any risk of injury was necessarily incurred, and we think the court was right in leaving the decision of that question to the jury. Hart v. Bridge Co., 80 N. Y. 622; Bank v. Sloan, 135 N. Y. 371–383, 32 N. E. 231.

 A motion for a nonsuit was also made upon the further ground "that the proof showed that the action was not brought within the time limited by the policy during which an action could be brought." The answer set up, as one of the defenses relied upon, that the policy provided "that no suit or proceeding at law or equity shall be brought to recover any sum hereby provided for, unless the same is commenced within one year from the date of the accident." It also averred that the accident occurred on July 14, 1893, and that the action was not commenced until September 10, 1894, nearly two months after the expiration of one year after said July 14, 1893, the time limited by said certificate within which an action could be brought thereunder. But no such provision is contained in the policy. It is there provided that no recovery can be had under it unless an action is begun within six months from the date when the society shall have received proofs of the injury, etc.,—a very

different provision from the one pleaded. We are of the opinion that the defendant could not avail itself of the defense that the action was not brought within the time limited by the contract, unless it was pleaded, and that the answer did not plead such limitation. It set up a claim that could not be sustained by the contract, and one calculated to mislead, rather than to inform plaintiff of the defense upon which the motion for nonsuit was based. Moreover, it does not appear that any proof was offered by defendant, or that any was made under this defense. The date when the proofs of injury were received is conceded, but there is no concession, nor proof offered, nor fact called to the attention of court or counsel, indicating when the action was commenced. It is true that the summons appears to have been dated September 7, 1894; and, if it be conceded that such fact might be referred to as proof that the action was not commenced before that date, yet we are not at liberty to assume that it was before the court on the trial, nor to treat it as in evidence now, without an amendment of the defendant's pleading. At the time motion for nonsuit was made, no proof had been offered, and none could have been received, under defendant's answer, as to when the action was commenced, except upon special application to the court, and an amendment of the pleading. No such application was made, and the question as to when the action was commenced does not seem to have been referred to. We conclude, therefore, that in this respect the motion was properly denied.

The claim that plaintiff could not recover because he had refused to submit to arbitration, under the provisions of the policy, is not pressed upon this appeal, and evidently could not be sustained. If such provision amounts to anything, it is to the effect that all differences arising under the contract must be arbitrated at the request of the insurer. Such a provision would oust the court of all jurisdiction, and therefore is not valid as a bar to the action. President, etc., Delaware & H. Canal Co. v. Pennsylvania Coal Co., 50 N. Y. 266; Seward v. City of Rochester, 109 N. Y. 164, 16 N. E. 348. We conclude that no error was committed upon this trial, and that the judgment should be affirmed.

Judgment and order appealed from affirmed, with costs.

MERWIN and PUTNAM, JJ., concur. HERRICK, J., concurs in result.