jury must have found him vicious, within the rule applicable to these cases. Therefore the receipt of this evidence should not be held, in any event, to constitute reversible error. The judgment and order appealed from should be affirmed, with costs.

(64 App. Div. 22.)

THOMAS v. MASONS' FRATERNAL ACC. ASS'N OF AMERICA.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. ACCIDENT INSURANCE—VOLUNTARY EXPOSURE—FORFEITURE.
   The careless handling of a firearm will not forfeit an accident policy not covering voluntary exposure to unnecessary danger.

2. SAME—HANDLING FIREARMS.
   Under an accident policy not extending over injuries while assured is employed in the manufacture of any explosive compound or handling firearms, unless insured to cover such employment, the temporary handling of a gun in hunting for pleasure will not forfeit the policy.

3. SAME—CLASSIFIED OCCUPATIONS—INJURY IN MORE HAZARDOUS OCCUPATION.
   Under an accident policy stipulating that for any injury received in any occupation or exposure, temporary or otherwise, classified as more hazardous than that of assured, he shall receive only such amount for the particular accident as could be drawn by a member insured in such occupation, an assured classified as a lawyer, and accidentally killed while engaged in hunting for pleasure, being exposed to the risks incident to that employment, his beneficiary is entitled to recover only so much as would be paid to one engaged in that occupation.

Appeal from trial term, Oneida county.

Action by Mary A. Thomas against the Masons' Fraternal Accident Association of America. From a judgment for plaintiff, defendant appeals. Affirmed on conditions.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

E. H. Neary, for appellant.
Leslie W. Kernan, for respondent.

RUMSEY, J. The plaintiff was the wife of one Rees E. Thomas, a lawyer residing at Utica, in the county of Oneida. He had an accident insurance policy, issued by the defendant association, by which the amount of the indemnity was to be paid to the plaintiff. Thomas died from the effects of a gunshot wound on the 27th of January, 1900. All the necessary steps were taken by the plaintiff to perfect her claim against the defendant upon the policy of insurance, and, upon the failure of the defendant to pay according to its terms, she brought this action to recover the sum of $5,000; that being the amount claimed by the plaintiff to be due. The defendant answered, setting up that the death of Thomas was suicidal; that it was the result of a voluntary exposure to unnecessary danger on the part of Thomas, because of the careless and reckless manner in which he handled his gun at the time his death occurred. It was also insisted that the defendant was not liable, because Thomas at the time of his death was engaged in the handling of firearms, as by the express terms of the policy it was pro-

vided that no one should receive anything for injuries received while handling firearms. It appeared that Thomas was classified as an attorney, and as such was insured for $5,000, and that such classification was No. 1. It appeared also that a hunter for pleasure or profit was classified in No. 6, and for death received while so engaged the defendant was liable to pay only $1,000 instead of $5,000. The defendant insists that by a clause of the policy (which will be subsequently referred to) the plaintiff was entitled to recover only the $1,000, instead of the $5,000. All these contentions of the defendant were overruled by the trial court, and the learned justice below directed judgment to be entered for $5,000, and from the judgment thus entered this appeal is taken.

The facts completely and satisfactorily disprove the claim that Thomas committed suicide. Neither can it be said that the injuries were received while he was voluntarily exposing himself to an unnecessary danger. The voluntary exposure in such cases is not mere carelessness and recklessness, but implies that the person accused has knowingly and without reason put himself in the way of some danger from which injury is likely. Lehman v. Indemnity Co., 7 App. Div. 424, 39 N. Y. Supp. 912, affirmed in 158 N. Y. 689, 53 N. E. 1127. The exposure in these cases to forfeit the policy must be such that it appears that the assured had in mind at the time of the accident that the act which he was doing was a dangerous one, likely to result in injury to him, and that it was entirely unnecessary. In this case, while there is no doubt that the way in which Thomas managed his gun was improper, careless, and reckless, there is nothing to show that he had any idea that he was exposing himself to danger by his act. It is provided in the policy that the insurance under this contract shall not extend to cover accidental injuries or death happening while the assured is "employed in the manufacture, sale, or transportation of any explosive compound, or handling firearms, unless insured to cover such employment." We are of the opinion that he was not handling firearms, so as to forfeit this policy, within the meaning of this provision. The defendant, seeking to bring him within that provision, is bound to prove the necessary facts. It did not prove that at the time the injury was received Thomas had touched the gun the explosion of which caused his death. So far as appears, the gun was resting against a tree near which Thomas was sitting while eating his luncheon, and that it slipped from its position, and fell, and exploded in such a way as to send the charge through his heart. He was not touching the gun, nor, so far as appears, had anything to do with it. For this reason we think that the case is not brought within the condemnation of this provision of the policy. But, if this construction of the phrase be thought too narrow, and if it could be said that he was injured while handling firearms, yet we are of the opinion that the phrase does not apply to the handling of a gun, unless that is done in the course of the employment in which the assured is engaged. All these policies are to be construed most strictly against the corporation. The phrase "handling firearms," in the provision, is used only in connection with

certain employments, namely, the manufacture, sale, or transportation of any explosive compound. It does not apply to the incidental handling of a gun for pleasure or recreation, but only when the employment of the assured calls upon him to handle firearms, and in such a case only is the policy forfeited, unless he has insurance for the employment which calls upon him to do that act.

But, while we think that the defendant is not correct in insisting that the policy was forfeited, yet we are of the opinion that, under the circumstances, the plaintiff was not entitled to recover $5,000, but only the sum of $1,000, because when Thomas was killed he was engaged in hunting for pleasure, and the amount of his indemnity in such a case was by the express terms of the policy limited to that sum. He was insured as an attorney. In his application he stated that he understood the classification of risks, and he agreed that for any injury received "in any occupation or exposure, temporary or otherwise," classified as more hazardous than those for which he was insured, he should be entitled to receive only such amount for that particular accident as could be drawn by a member insured under such occupation or classification as laid down in the occupation manual of the association; and his agreement in the policy was that for any injury received while performing, "temporarily or otherwise, an act or thing pertaining to any occupation or exposure classified by the association as more hazardous than those accepted in the application on which his certificate was based, or if injured in a more hazardous occupation or exposure, he should be entitled to recover only such amount for that particular accident as could be received by a member insured under such occupation or exposure in accordance with the classification as laid down in the occupation manual of the association." The occupations in that manual are divided into eight classes. In the sixth is mentioned "hunter or fisher, for pleasure or profit." In another provision of the policy it is provided that, "as the certificate is not forfeited in the event of a temporary change of occupation, the following indemnity will be allowed for such injury as the insured may sustain while engaged in an occupation or exposure rated by the company as more hazardous than the one for which the policy is written." In that schedule of indemnities class 6 is rated at $1,000. The defendant claims that as Thomas, at the time of receiving his death wound, was engaged in hunting for pleasure, and was actually exposed to the risks incident to that employment, the plaintiff is entitled to recover only so much as would be paid to one engaged in that occupation. We can see no answer to this contention. While he was classified as a lawyer, he expressly agreed that, if he received an injury while doing an act pertaining to an exposure more hazardous than the one for which he was insured, his beneficiary should only receive the amount payable to those insured under that occupation. That he was at the time of his death temporarily engaged in hunting is admitted. That a hunter for pleasure is classified in the sixth class, and that the amount of the indemnity for one engaged in such an occupation is $1,000, is also conceded. It would seem, therefore, that this case comes precisely

within the limitations of the policy quoted above; but it is said that the contrary of this has been held in the case of Baldwin v. Association, 21 Misc. Rep. 124, 46 N. Y. Supp. 1016, affirmed in 29 App. Div. 627, 52 N. Y. Supp. 1136; 159 N. Y. 561, 54 N. E. 1089. In that case the contract was that, if the insured was injured while engaged in an occupation or employment classified as more hazardous than that accepted, his insurance should only be so much as the premium paid by him would purchase at the rates fixed for such increased hazard. It was held that the limitation only applied to a case where the assured had changed his employment, and that, if he was engaged temporarily in doing some such thing, he did not come within the conditions of the policy, even if that thing, if pursued as an occupation, would change his classification. But it will be noticed that this provision is considerably different. In the Baldwin Case the indemnity was to be reduced only if the insured was engaged in some occupation or exposure involving greater hazard. In this case the indemnity is reduced if the injury is received while he is performing temporarily an act pertaining to an exposure which is classified as more hazardous. No language could be employed more apt to include this case than that which is used in this policy. It is quite clear that, although at the time of his death Thomas was not engaged in the employment of a hunter, yet he was engaged in the performance of an act pertaining to that exposure; and the plaintiff is entitled to recover, and can only recover, $1,000, instead of $5,000.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the result of the action, unless the plaintiff will stipulate to reduce the judgment to the sum of $1,000 as of the date when it was originally rendered; and, if she will so stipulate, then the judgment thus modified must be affirmed, without costs to either party in this court. All concur.