JOHN COLES, JR., Appellant, *v.* THE NEW YORK CASUALTY COMPANY, Respondent.

*Accident insurance — exception of injuries resulting from " fighting," etc.— it does not cover the removal of a customer from a bar room — policy construed against the company — variance between pleading and proof — when not in the first instance available on appeal.*

A bartender insured under a policy of accident insurance which did not cover injuries " resulting, directly or indirectly, wholly or in part," from " fighting, wrestling, scuffling, altercation, feud, quarrel or assault," or from " voluntary or unnecessary exposure to danger," may recover upon the policy for injuries sustained by him while defending himself against an assault, committed upon him by a person whom he lawfully ordered out of the bar room in which he was employed, because of such person's offensive and violent behavior, where

it does not appear that such injuries were sustained while he was actually engaged in an attempt to forcibly eject such person or that he had any reason to apprehend bodily harm to himself as a consequence of ordering such person out of the bar room.

In the absence of any contrary qualification in the policy it is reasonable to assume that the provision therein contained against injuries resulting from fighting, wrestling, scuffling, etc., refers to altercations for which the insured is in some degree to blame, and in which he is, to some extent at least, a voluntary participant, and not to those which are unavoidable and beyond his control or which have not been occasioned by any improper conduct on his part.

The terms of the policy are to be strictly construed against the insurer, and all questions of doubt resolved in favor of the insured.

A variance between the allegations of a complaint and the plaintiff's proof, which was not pointed out at the trial and which, if it had been then pointed out, might have been obviated by amendment, cannot be urged for the first time upon appeal in support of a judgment dismissing the complaint upon another ground.

APPEAL by the plaintiff, John Coles, Jr., from a judgment of the County Court of Orange county in favor of the defendant, entered in the office of the clerk of the county of Orange on the 3d day of June, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Orange Trial Term.

*J. E. Barnes*, for the appellant.

*Henry B. Heylman*, for the respondent.

HIRSCHBERG, J.:

The action is brought to recover the indemnity stipulated in a policy of accident insurance, issued by the defendant to the plaintiff. At the close of the plaintiff's evidence the learned trial court granted the defendant's motion to dismiss the complaint, which motion was made " upon the ground that the plaintiff has shown by his own testimony that he violated the terms of the policy at the time of the injury."

The plaintiff's occupation is that of bartender. On the occasion of his receiving the injury of which he complains he had opened the door of the bar room where he is employed, and ordered an individual to leave the place because of some disturbance he was creating in the course of a noisy quarrel with some other person or persons. This individual grappled the plaintiff, causing him to fall, and thereby the injury was inflicted. The plaintiff testified : " I asked him not to use such abusive language to these other two peo-

ple and he kept on getting more abusive, and so I went to the door and opened the door and told him to get out. When I walked back toward him he grappled me, and during the struggle there we both fell down and I injured my hand so I was laid up several weeks with it. * * * I went to the door and opened the door and said, I want you to go out, and as I was coming back toward him he grabbed me and we struggled there and fell down together and fell out of the door, and that is the time I injured my hand. As I was going toward him he grabbed me and I protected myself. The scuffle kept up a minute or two before we went outside. The two of us finally fell through the doorway. We both went out together. The accident was the result of the fall and not because I put him out. We were struggling there. I was pushing him toward the door. * * * I was not quarrelling with this man, simply protecting myself. He jumped into me. I was, perhaps, five or six feet from the door when he did it. When I opened the door I ordered him out and I intended he would walk out. * * * Q. I did not understand whether you stated or not that you used any more force than was absolutely necessary to defend yourself against the attacks of this person? A. I used force enough to protect myself; I wasn't going to let him throw me down. I was simply defending myself. I told him to go out and he grabbed me. Q. At that time you had no idea of putting him out? A. I ordered him out. Q. I mean after he took hold of you? A. No, sir."

The only terms of the policy which the plaintiff can possibly be deemed to have violated are those which provide that the insurance does not cover injuries "resulting, directly or indirectly, wholly or in part," from "fighting, wrestling, scuffling, altercation, feud, quarrel or assault," or from "voluntary or unnecessary exposure to danger." I do not think the dismissal of the complaint can be sustained. The plaintiff was insured as a bartender, and while his version of the occurrence occasioning the injury is not consistent in every detail, a jury might have concluded from the evidence that he was not injured while actually engaged in an attempt to forcibly eject the person who assaulted him; that he was lawfully entitled to insist that such person should leave the place because of his offensive and violent behavior; that he had no reason to apprehend bodily harm as a consequence of ordering such person out of the

room; and that the assault was not provoked by hostile demonstration or otherwise. I do not mean to intimate that there can be no recovery where the insured is injured while lawfully engaged in using force upon the person of another. That question is not necessarily involved in the determination of this controversy. But the fact that the plaintiff was injured, if it be a fact, while forcibly resisting the assault which he testified was made upon him, and even the fact, if it be a fact, that he was injured while pushing the aggressor from the room in the course of such resistance, does not necessarily as matter of law operate to deprive him of all claim under the policy, for it cannot be deemed within the contemplation of the contract, in the absence of an express provision to that effect, that the insured should submit without opposition to whatever violence may be offered him. The interests of the insurance company as well as his own require that he should avail himself of such reasonable means of self-protection from unjustifiable injury as may be at his command. Nor can the mere fact that he ordered his assailant from the room, assuming that it was his duty to do so, be regarded in law, under the circumstances of the case, as either inviting or commencing a fight, quarrel or altercation. In the absence of any contrary qualification in the language of the policy, it is reasonable to assume that the fighting, wresting, scuffling, etc., which are guarded against by the provisions in question, refer to altercations for which the insured is in some degree to blame and in which he is, to some extent at least, a voluntary participant, and not to those which are unavoidable and beyond his control, or which have not been occasioned by any improper conduct on his part. The terms of the policy are to be strictly construed against the insurer, and all questions of doubt resolved in favor of the insured. (*Marshall* v. *Com. Travelers' Mut. Acc. Assn.*, 170 N. Y. 434.) If the provisions in question were designed to cover every case of injury sustained while the insured was endeavoring to resist a personal attack which he did not invite and could not prevent, precise language conveying that idea should have been employed.

In *Insurance Company* v. *Bennett* (90 Tenn. 256) it was held that a provision in an accident policy that "if death occurs from assault provoked by quarreling no recovery can be had," must have a reasonable construction, and that the death of the insured cannot

be regarded as coming within its meaning, unless it occurred as the result of a quarrel provoked by himself, and of so serious a nature that he might reasonably have expected that anger would be thereby aroused and injury inflicted.

In *Robinson* v. *U. S. Mutual Acc. Assn.* (68 Fed. Rep. 825) it was held that where the insured, who was unarmed, was shot while engaging in an altercation, his death was accidental within the meaning of the policy, and was not within the exception against death from dueling or fighting. The court said (p. 827): " The meaning of the word as employed in the contract must have reference to such disasters as are brought about through the culpable intention or designing of the assured. In one sense — that of scholastic philosophy — nothing is accidental, but we cannot employ such refinements in the interpretations of contracts of indemnity against casualties. Nor do I find that the assured was engaged in fighting or violating the law in that sense which would invalidate the policy."

In *Supreme Council of the Order of Chosen Friends* v. *Garrigus* (104 Ind. 133) it was claimed that the insured was shot while engaged in an " affray," contrary to the provisions of the policy. The court said (p. 140): " The charge that appellee was engaged in an affray is, moreover, the statement of a conclusion. \* \* \*. If the facts were stated instead of the conclusion, \* \* \* it might appear that the only part appellee took was in defence of his person against the assaults of his adversary or adversaries, and that thus, whatever injuries he received were received without any fault or wrong on his part."

*United States Mutual Accident Assn.* v. *Millard* (43 Ill. App. 148) may be distinguished. There the insured, although not the assaulting party, did engage in a fight, and it was held that the injuries he received were excluded from the operation of the policy as having been caused by fighting. There was no question presented of the effect of the discharge of a duty incident to employment, which was resented by violence and assault. So in *Gresham* v. *Equitable Ins. Co.* (87 Ga. 497) the insured and his antagonist willingly engaged in a personal encounter, in which the insured was killed, and the insurer was held not liable. The language of BLECKLEY, Ch. J. (at p. 499), is quite pertinent, viz.: " A faultless and

unwilling conflict by the insured, one which he neither provoked nor invited, one which he did not accept when formally or informally tendered, one in which he was forced to engage for self-defence alone and from which he withdrew, or endeavored in good faith to withdraw, when his defence was accomplished, ought not to and would not be treated as a causative fight on his part within the meaning and intent of the policy, but would be regarded as right and proper resistance to aggressive or offensive violence. To protect his life from destruction or his person from injury might be as much a matter of duty to the insurance company as of interest to himself."

The learned counsel for the respondent cites no case in this State in support of the ruling of the learned trial court in dismissing the complaint, and I cannot find that the question has ever been decided here. In *Lehman* v. *Great Eastern Casualty Co.* (7 App. Div. 424) it was held that a provision against " voluntary exposure to unnecessary danger " in an accident policy refers only to an act done in obedience to, and regulated by, the will of the person who does it; that the act must be done designedly and not accidentally, and that, consequently, one cannot be said to be guilty of a voluntary exposure to danger unless he intentionally and consciously assumes the risk of an obvious danger. To the same effect is *Thomas* v. *Masons' Fraternal Acc. Assn.* (64 App. Div. 22). The reasoning of these cases may be deemed applicable to the question of scuffling or fighting, as may also the cases of *Keeffe* v. *Nat. Accident Society* (4 App. Div. 392); *Bradley* v. *Mutual Benefit Life Ins. Co.* (45 N. Y. 422), and *Darrow* v. *Family Fund Society* (116 id. 537); but none is in direct point on that branch of the case.

There is a variance between the allegations of the complaint and the plaintiff's proof, which if pointed out at the trial, might have been obviated by amendment. The dismissal cannot, therefore, be upheld on that ground, but its propriety must be determined upon the accuracy of the ruling on the questions actually decided.

The judgment should be reversed and a new trial ordered.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment of the County Court of Orange county reversed and new trial ordered, costs to abide the event.