May 27th, 1912.

————o————

5580.

(Court of Appeal, Parish of Orleans.)

## JOHN W. MONTGOMERY vs. CONTINENTAL CASUALTY COMPANY.

1. Where the injury and consequent loss are simultaneous, no weekly indemnity can be recovered by the assured under a clause of the policy which provides for the payment thereof, "for the

period intervening between the date of the injury and the occurrence of the loss."

2. Under an accident policy stipulating that for injury sustained while doing an act or thing pertaining to an occupation classified as more hazardous than that of assured, he shall receive only such amount for the particular accident as could be drawn by a member insured in such more hazardous occupation, an assured, classified as a draftsman, with office and traveling duties only, and accidently injured while engaged in operating a press drill, being an act pertaining to an occupation classified as more hazardous, namely, that of machinist, is entitled to recover only the amount that would be paid to one engaged in the latter occupation.

St. Paul, J., dissents.

Appeal from the Civil District Court, Division "C."

Jas. E. Zunts, for plaintiff and appellee.

Lemle, Jones & Moreno, for defendant and appellant.

GODCHAUX, J.—Plaintiff suffered the loss of an eye while operating a press drill in the establishment in which he was employed. He sues the insurer for weekly indemnity under a clause of the policy which provides for the payment thereof "for the period intervening between the date of the injury and the occurrence of the loss;" and also for the sum of $1,500 for the permanent loss of the eye under certain stipulations of the policy which will hereafter be noted.

## I.

The claim for weekly indemnity was properly rejected by the lower Court, for plaintiff's pleadings as well as the evidence adduced, established that the date of the injury and of the occurrence of the loss was simultaneous, there

being no "period intervening" during which indemnity could be claimed.

## II.

With reference to the claim of $1,500.00, the facts are that plaintiff was insured as "draftsman with office and traveling duties only;" that he was injured while operating a press drill solely for recreation and during the noon or rest hour; that the operation of the press drill formed no part of his duties, put pertained to the duties of the machinist employed in the establishment for that purpose; that the occupation of machinist is classified by the defendant company as more hazardous than that of draftsman; and that had plaintiff been insured as "machinist," the premium paid by him would have yielded insurance to the amount of $750.00 only.

Plaintiff recovered $1,500.00 below and defendant seeks upon the foregoing facts and the following clause in the policy to reduce this item to $750.00:

> "If the assured is injured after having changed his occupation to one classified by the company as more hazardous than that herein given, or is injured while doing any act or thing pertaining to any occupation so classified, the company's liability shall be only for such proportion of the principal sum or weekly indemnity herein provided as the premium paid by him will purchase at the rate and within the limits fixed by the company for such more hazardous occupation."

Applying this clause to the facts of the case it seems absolutely clear and certain that defendant's contention is well founded, and that plaintiff, in operating the drill, was performing an "act or thing pertaining to" an occupation, namely, that of machinist, classified as more ha-

zardous and that consequently his right of recovery should be limited to $750.00, being "such proportion of the principal sum   *   *   *   as the premium paid by him will purchase at the rate and within the limits fixed by the company for such more hazardous occupation."

Notwithstanding the clear and unequivocal meaning of the clause quoted, plaintiff insists that the phrase "while doing any act or thing pertaining" to an occupation "classified by the company as more hazardous," should be interpreted as reading "while engaged in an occupation classified by the company as more hazardous;" and that consequently, as the doing of an isolated act, such as the operation of the drill for recreation on a single occasion, was not an engaging in a more hazardous occupation within the meaning of the clause, as thus interpreted, plaintiff should recover the full amount of insurance.

To adopt such an interpretation would be to confer upon the clause a meaning wholly opposed to that which is clearly and unequivocally conveyed by the language employed; it would be tantamount to making a new and different contract between the parties; and this the Court cannot do under the guise of interpretation or otherwise.

It is true that the Iowa Court has in one case given a similar clause the interpretation for which plaintiff contends, but we are unable to approve or appreciate the reasons or principles upon which a result was reached.

> Holiday vs. Accident Insurance Company, 103 Iowa, 178; 64 Am. State Reps. 170.

On the other hand the Supreme Court of Texas, having the same clause before it, unhesitatingly adopted the literal meaning of the words employed, and had this to say with reference to the **Holliday case, supra:**

"Almost the identical language used in the policy

in this case was construed in the case of **Holliday vs. The Accident Ins. Co., 103 Iowa, 178.** Under quite similar facts it was held that 'the carrying of a gun would be an act to be done in hunting, but not belonging to it as an occupation.' That was said in a case where a man out hunting was accidently shot by the discharge of his gun while getting under a barb wire fence, and the effect of the decision was to destroy the force and effect of the language 'while performing an act pertaining to an occupation classified as more hazardous than the one under which the certificate is issued,' and to hold that a party must actually be engaged in a more hazardous occupation before the clause in question could have effect. The decision is in the very teeth of language that is plain and simple, and had the effect of destroying the contract made by the parties and of substituting therefor one made by the Court.''

**Lane vs. General Accident Company, 113 S. W., Rep. 324.**

In line with our view and that of the Texas Court are the following cases:

**Thomas vs. Masons, 71 N. Y. Supp., 692;**

**Knapp vs. The Preferred Mutual, 60 N. Y. Supp., 87;**

**Loesch vs. The Union Casualty Company, 176 Mo. 654;**

**Eggenberger vs. Guaranty Mutual Ass'n., 41 Fed. 172;**

**Mutual Accident Ass'n. vs. Hilton, 61 Ill. App., 100.**

The only case cited by plaintiff which is directly in

point is the **Holliday case, supra**, in the following cases cited by him the language of the policies was different from that employed here and in the cases cited above and consequently these authorities have no particular bearing upon the questions here involved:

Union Mutual vs. Frohard, 134 Ill., 228; 10 L. R. A.,385;

Hess vs. Preferred Masonic, 112 Mich. 196; 40 L. R. A., 444;

Stone's Administrators vs. U. S. Casualty, 34 N. J. Law, 374;

Pacific Mutual vs. Van Fleet, 47 Colo., 401; 107 Pacific Rep., 1087;

Batton vs. Modern Woodmen, 113 Mo. App. 381; 111 S. W. Rep., 513;

We express no opinion as to whether or not an exception to this rule might exist where the act, though pertaining to a more hazardous occupation, is one performed in the course of and as one of the incidents in the daily life or usual habits of the ordinary individual; for even if the exception be recognized, we are firmly of the conviction that the operation of a "press drill" by one employed as "draftsman with office and traveling duties only," is not such an act.

The lower Court gave judgment for plaintiff for $1,500 and its action must be revised in this respect.

It is accordingly ordered and decreed, that the judgment appealed from be amended by reducing the item of $1,500.00 to the sum of $750.00, and that as thus amended the judgment appealed from be affirmed. Plaintiff and appellee to pay the costs of appeal.

May 27th, 1912.

June 27th, 1912, rehearing refused.

## DISSENTING OPINION.

By his Honor, John St. Paul: I dissent, because the clause of the policy above quoted has reference exclusively to an act done by the assured in the course of his occupation, the only warranty required of him being as to that. The policy puts no limitation on the amusements and diversions in which the assured may engage, and the clause above quoted has no reference thereto, or to acts done by him in his idle and thoughtless moments.

These are the very occurrences against which the policy insures him; he requires no insurance whilst pursuing his daily vocation.

June 27th, 1912.

July 24th, 1912, Notice of intention to apply to Supreme Court for writ, etc.