(59 South. 907.)

No. 19,570.

MONTGOMERY v. CONTINENTAL CASUALTY CO.

In re MONTGOMERY.

(Nov. 4, 1912.)

*(Syllabus by Editorial Staff.)*

INSURANCE (§ 339*)—ACCIDENT INSURANCE— CONSTRUCTION OF POLICY.

Plaintiff was insured as a "draftsman with office and traveling duties only," but was injured while operating a press drill during the noon hour for recreation. The company classified the occupation of machinist as more hazardous than that of draftsman, and, had plaintiff been insured as a "machinist," his premium would have only insured for $750, instead of $1,500. The policy provided that if insured was injured after having changed his occupation to one classified as more hazardous than

that herein given, or was injured while doing any act or thing pertaining to any occupation so classified, the company's liability should be for only such proportion of the principal sum or weekly indemnity as the premium paid would purchase at the rate fixed for the more hazardous occupation. *Held* that, when injured, plaintiff was performing an act pertaining to the occupation of "machinist," and hence could only recover $750; it not being necessary that insured be "engaged in an occupation" classified as more hazardous, in order to limit the insurance recovered, if he does an act "pertaining" to such occupation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 879; Dec. Dig. § 339.*]

Certiorari to Court of Appeal, Parish of Orleans.

Action by John W. Montgomery against the Continental Casualty Company. Judgment of the Court of Appeal in part for plaintiff, and he applies for certiorari or writ of review to review such judgment. Judgment affirmed as modified.

James E. Zunts and J. W. Montgomery, both of New Orleans, for applicant. Gustave Lemle, W. Catesby Jones and Arthur A. Moreno, all of New Orleans (Manton Maverick and M. P. Cornelius, both of Chicago, Ill., of counsel), for respondent.

PROVOSTY, J. The judgment of the Court of Appeal in this case reads as follows:

"Plaintiff suffered the loss of an eye while operating a press drill in the establishment in which he was employed. He sues the insurer for weekly indemnity under a clause of the policy which provides for the payment thereof 'for the period intervening between the date of injury and the occurrence of the loss,' and also for the sum of $1,500 for the permanent loss of the eye under certain stipulations of the policy which will hereafter be noted.

"I. The claim for weekly indemnity was properly rejected by the lower court, for plaintiff's pleadings, as well as the evidence adduced, established that the date of the injury and the occurrence of the loss was simultaneous, there being no 'period intervening' during which indemnity could be claimed.

"II. With reference to the claim of $1,500, the facts are that plaintiff was insured as 'draftsman with office and traveling duties only'; that he was injured while operating a press drill solely for recreation and during the noon rest hour; that the operation of the press

drill formed no part of his duties, but pertained to the duties of the machinist employed in the establishment for that purpose; that the occupation of machinist is classified by the defendant company as more hazardous than that of draftsman; and that, had plaintiff been insured as 'machinist,' the premium paid by him would have yielded insurance to the amount of $750 only.

"Plaintiff recovered $1,500 below, and defendant seeks upon the foregoing facts and the following clause in the policy to reduce this item to $750:

"'If the assured is injured after having changed his occupation to one classified by the company as more hazardous than that herein given, or is injured while doing any act or thing pertaining to any occupation so classified, the company's liability shall be only for such proportion of the principal sum or weekly indemnity herein provided as the premium paid by him will purchase at the rate and within the limits fixed by the company for such more hazardous occupation.'

"Applying this clause to the facts of the case, it seems absolutely clear and certain that defendant's contention is well founded, and that plaintiff, in operating the drill, was performing an 'act or thing pertaining to' an occupation, namely, that of machinist, classified as more hazardous, and that consequently his right of recovery should be limited to $750, being 'such proportion of the principal sum * * * as the premium paid by him will purchase at the rate and within the limits fixed by the company for such more hazardous occupation.'

"Notwithstanding the clear and unequivocal meaning of the clause quoted, plaintiff insists that the phrase 'while doing any act or thing pertaining' to an occupation 'classified by the company as more hazardous' should be interpreted as reading 'while engaged in an occupation classified by the company as more hazardous,' and that consequently, as the doing of an isolated act, such as the operation of the drill for recreation on a single occasion, was not an engaging in a more hazardous occupation within the meaning of the clause as thus interpreted, plaintiff should recover the full amount of insurance.

"To adopt such an interpretation would be to confer upon the clause a meaning wholly opposed to that which is clearly and unequivocally conveyed by the language employed. It would be tantamount to making a new and different contract between the parties, and this the court cannot do under the guise of interpretation or otherwise.

"It is true that the Iowa court has in one case given a similar clause the interpretation for which plaintiff contends, but we are unable to approve or appreciate the reasons or principles upon which this result was based. Holliday v. Accident Insurance Co., 103 Iowa, 178, 72 N. W. 448, 64 Am. St. Rep. 170.

"On the other hand, the Supreme Court of Texas, having the same clause before it, unhesitatingly adopted the literal meaning of the words employed, and had this to say with reference to the Holliday Case, supra:

"''Almost the identical language used in the policy in this case was construed in the case of Holliday v. Accident Insurance Co., 103 Iowa, 178, 72 N. W. 448, 64 Am. St. Rep. 170. Under quite similar facts it was held that the carrying of a gun would be an act to be done in hunting, but not belonging to it as an occupation. That was said in a case where a man out hunting was accidently shot by the discharge of his gun while getting under a barb wire fence, and the effect of the decision was to destroy the force and effect of the language "while performing an act pertaining to an occupation classified as more hazardous than the one under which the certificate is issued," and to hold that a party must actually be engaged in a more hazardous occupation before the clause in question could have effect. The decision is in the very teeth of language that is plain and simple, and had the effect of destroying the contract made by the parties and of substituting therefor one made by the court.' Lane v. General Accident Co. (Tex. Civ. App.) 113 S. W. 324.

"In line with our views and that of the Texas court are the following cases: Thomas v. Masons, 64 App. Div. 22, 71 N. Y. Supp. 692; Knapp v. Preferred Mutual. 53 Hun, 84, 6 N. Y. Supp. 57; Loesch v. Union Casualty Co. 176 Mo. 654, 75 S. W. 621; Eggenberger v. Guarantee Mutual Ass'n (C. C.) 41 Fed. 172; Metropolitan Accident Ass'n v. Hilton, 61 Ill. App. 100.

"The only case cited by plaintiff which is directly in point is the Holliday Case, supra. In the following cases cited by him the language of the policies was different from that employed here and in the cases cited above, and consequently those authorities have no particular bearing upon the question here involved: Union Mutual v. Frohard, 134 Ill. 228, 25 N. E. 642, 10 L. R. A. 385, 23 Am. St. Rep. 664; Hess v. Preferred Masonic, 112 Mich. 196, 70 N. W. 460, 40 L. R. A. 444; Stone's Adm'rs v. U. S. Casualty, 34 N. J. Law, 374; Pacific Mutual v. Van Fleet, 47 Colo. 401, 107 Pac. 1087; Batten v. Modern Woodmen, 131 Mo. App. 381, 111 S. W. 513.

"We express no opinion as to whether or not an exception to this rule might exist where the act, though pertaining to a more hazardous occupation, is one performed in the course of and as one of the incidents in the daily life or usual habits of the ordinary individual; for, even if the exception be recognized, we are firmly of the conviction that the operation of a 'press drill' by one employed as 'draftsman with office and traveling duties only,' is not such an act.

"The lower court gave judgment for plaintiff for $1,500, and its action must be revised in this respect.

"It is accordingly ordered and decreed that the judgment appealed from be amended, by reducing the item of $1,500 to the sum of $750, and that, as thus amended, the judgment ap-

pealed from be affirmed. Plaintiff and appellee to pay the costs of appeal."

In this judgment the Court of Appeal has simply applied the rule that the contract of the parties must be enforced as written and is the law of the case, and in doing so has simply followed the overwhelming weight of authority. The decision refers sufficiently to these authorities, and may be allowed to speak for itself.

The judgment of the Court of Appeal herein is therefore affirmed, with costs.