STAHL et al. v. METROPOLITAN CASU-
ALTY INS. CO. OF NEW YORK.

No. 2983.

District Court, M. D. Pennsylvania.

Oct. 31, 1933.

A. Francis Gilbert, of Middleburg, Pa., and James F. McClure, of Lewisburg, Pa., for plaintiff.

Mortimer C. Rhone, of Williamsport, Pa., for defendant.

JOHNSON, District Judge.

The plaintiffs brought this action of assumpsit on a policy of accident insurance issued to John C. Stahl by the defendant company. By the terms of the policy the deceased was insured in the principal sum of $15,000 in the event of his death. The issue raised was submitted to a jury and a verdict was rendered for the plaintiff in the sum of $16,417.50, the principal sum of the policy plus interest. The defendant has filed a motion for a new trial and has assigned therefor a number of reasons.

From the evidence produced at the trial, it appears when John C. Stahl applied for the policy he stated in his application in response to questions relating to his occupation as follows: "Owner, National Lime Stone Quarries, * * * 5. My occupation is Proprietor, Inspecting Only, Not superintending. 6. The Duties of my occupation are fully de-

scribed as follows: Proprietor, Inspecting Only, not Superintending."

The standard provisions of the policy contain the following: "Change of Occupation. 1. This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the Insured is injured after having changed his occupation to one classified by the Company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits so fixed by the Company for such more hazardous occupation."

The testimony is somewhat conflicting as to what actual work the deceased was doing when he received the injury which caused his death, but this much seems clear: Two laborers at the stone quarry, owned by the insured, were underneath the stone crusher replacing one of the toggle plates, which weighed about 600 pounds, by means of a chain hoist. The insured was underneath the stone crusher with the two laborers and was either actually assisting in the work or was inspecting the work of the other men. After the insured had been so engaged for about an hour and a half, the other toggle plate was dislodged in some unknown manner and fell a distance of over six feet, striking the insured and causing injuries to him from which he died.

Throughout the trial of the case, the defendant contended, and now urges in its motion for a new trial, that under the terms of the policy relative to change of occupation, which is quoted above, the defendant, if it is liable at all, is not liable for the full amount of the policy because at the time of the accident the insured had changed his occupation to one classified by the defendant company as more hazardous than that stated in the policy, or in any event the insured was doing an act or thing pertaining to an occupation which was classified as being more hazardous.

The defendant had on file in the proper office of the commonwealth of Pennsylvania, when the policy was issued and during the life of the policy, its Manual of Rates and Instructions, Description of policy Forms,

Accident and Health Department. The defendant contends that the insured was performing the work of an ordinary quarryman when he was injured and under such classification the limit of risk to the defendant company was only $1,500.

The court, following the decision of the Circuit Court of Appeals, Sixth Circuit, in the case of Gotfredson v. German Commercial Accident Company, 218 F. 582, L. R. A. 1915D, 312, submitted the case to the jury under instructions that if the act or thing which the deceased was doing at the time the accident occurred was other than that pertaining to his duties as inspector or owner of the quarry and that such act was merely casual or temporary, and not habitual, then the jury should find for the plaintiffs in the full amount of the policy, but if the jury found that the deceased had habitually and continuously performed the acts, which caused his injury and thereby changed his occupation to one classified by the company as a more hazardous risk, then the jury should find that the plaintiffs were entitled to receive such an amount as the premium paid by the deceased would have purchased at the rate fixed for the more hazardous occupation.

██ While the defendant has filed a number of reasons for a new trial, they all turn on the question whether the court's charge to the jury, as stated above, was a correct statement of the law.

In the case of Gotfredson v. German Commercial Accident Company, supra, the facts are similar to the facts in this case. The insurance company had grouped its risks into five classes and fixed premiums and losses according to the risks attending the occupation of the persons insured. The assured's occupation was described in his application as "Proprietor of a trucking company, no manual labor" and was assigned to the first class. The occupation of an elevator conductor was within the fifth class for which a relatively higher rate was charged. The policy provided that if the assured was injured after having changed his occupation to one more hazardous, or was injured while doing any act pertaining to any more hazardous occupation, the liability for any loss specified should be such an amount as the premium paid would purchase at the rate fixed for the more hazardous occupation. The evidence showed that the decedent was moving the location of his business to a new building. On the day of the accident, the regular elevator man employed in the building having left for the day, the decedent, desiring to complete the unloading of the truck, entered the elevator and operated it himself. On the third trip the cable parted and the decedent received injuries from which he died. The Circuit Court of Appeals of the Sixth Circuit in reversing the decision of the District Court held that the policy class must in each instance be interpreted with reference to the particular occupation of the assured, and did not apply to a mere temporary or casual act, and it was error to charge, as a matter of law, that the assured having been injured while performing an act in a more hazardous occupation than that specified in the policy, his administrator could recover only the reduced indemnity.

In delivering the opinion of the court in the Gotfredson Case, Warrington, Circuit Judge, on page 587 of 218 F., said: "However, we think the evidence gives rise to questions of fact, which should have been submitted under appropriate instructions to the jury. There was error in assuming, as matter of law, that the mere performance of the act of temporarily running the elevator justified the practical assignment of the assured to a more hazardous occupation and the reduction of his indemnity accordingly. The facts and circumstances under which the act was brought about would naturally characterize it, and so open the case to legitimate inference as to the existence or not, for example, of an unforeseen necessity or emergency under which the elevator was operated. Indeed, the ultimate issue of fact might fairly be resolved under an inquiry whether the operation of the elevator by the assured was casual or habitual. If the former, the indemnity should be allowed as it was written; if the latter, the indemnity should be limited to that of a conductor of an elevator. The usual course is to submit such questions to the jury. Standard Life & Acc. Ins. Co. v. Fraser, supra, 76 F. 709, 22 C. C. A. 499 (C. C. A. 9th Cir.); Eggenberger v. Guarantee Mut. Accident Ass'n (C. C.) 41 F. 172, 173; Fox v. Masons' Fraternal Accident Association of America, supra, 96 Wis. 396, 71 N. W. 363; Everson v. General Accident, etc., Assur. Corp., supra, 202 Mass. 174, 175, 88 N. E. 658; Simmons v. Western Travelers Accident Ass'n, 79 Neb. 20, 26, 112 N. W. 365; Taylor v. Illinois Commercial Men's Ass'n, supra, 84 Neb. 805, 122 N. W. 41 [24 L. R. A. (N. S.) 1174]."

In the case at bar the issue was presented to the jury, both in the charge of the court and in the points for charge submitted by counsel in accordance with the doctrine as announced by the Circuit Court of Appeals

in the Gotfredson Case, and counsel for the defendant in the argument on the motion for a new trial has not cited any federal cases which are contrary to the doctrine in the Gotfredson Case. Counsel for the defendant has cited the decisions of several state courts to the effect that the only question for determination is whether the insured at the time of his injury was doing any act or thing pertaining to a more hazardous occupation. Jessie W. Ebeling v. Bankers' Casualty Company, 61 Mont. 58, 201 P. 284, 22 A. L. R. 777; Metropolitan Accident Ass'n v. Hilton, 61 Ill. App. 100; Aldrich v. Mercantile Acc. Ass'n, 149 Mass. 457, 21 N. E. 873; Montgomery v. Continental Casualty Co., 131 La. 475, 59 So. 907. This court cannot agree with the conclusions reached in the foregoing state court decisions and is constrained to follow the logical reasoning and doctrine of the Gotfredson Case, which appears to have become the well-settled doctrine in the federal courts. See Schwartz v. Northern Life Ins. Co. (C. C. A.) 25 F.(2d) 555; Elkins v. Ætna Life Ins. Co. (D. C.) 26 F.(2d) 277; Union Indemnity Co. v. Ethel Acord (C. C. A.) 48 F. (2d) 1084.

For the foregoing reasons, the motion for a new trial must be refused.

And now, October 31, 1933, the motion in arrest of judgment and for a new trial is refused and dismissed, and the clerk of the court is directed to enter judgment in favor of the plaintiff and against the defendant in the sum of $16,417.50.