Porter v. Harrison.

HENRY PORTER, Respondent, *vs.* CHARLES H. HARRISON, Appellant.

1. *Practice, civil—Trials—Instructions—Facts in evidence.*—Instructions should always be framed with reference to the facts in evidence.

2. *Practice, civil—Trials—Instructions taken together—Whole case.*—It is sufficient if the instructions taken together present the whole case in a way that is not calculated to mislead.

3. *Practice, civil—Court, Supreme—Re-trial—Expenses.*—Where the cost of a re-trial would be almost as great as the amount in controversy, this court will not interfere, unless it clearly appear that the jury have been misled to the prejudice of the appellant.

*Appeal from St. Louis Circuit Court.*

*M. W. Hogan,* for Appellant.

*Horatio D. Wood,* for Respondent.

The instructions given for the plaintiff and defendant fully present the law, and it is not necessary that all the principles of law relating to the case should be presented in any one of the instructions given by either party. (McKeon vs. Citizens Railway Co., 43 Mo., 405 ; Moore vs. Sanborin, 42 Mo., 490 ; Marshall vs. Thames Fire Ins. Co., 43 Mo., 586.)

VORIES, Judge, delivered the opinion of the court.

The plaintiff charges, that his horses, which being hitched or harnessed to his wagon, were securely hitched with a strap on Tenth street, on which street, it being a public highway, he was driving and had occasion to stop, and that the defendant was possessed of a carriage and horses, which were also at said time being driven and conducted along said street by a servant in the employ of defendant for that purpose; that by the negligence and carelessness of the said servant of the deendants, his said carriage was driven upon and against said wagon of plaintiff, thereby causing plaintiff's horses to break loose from where they were hitched and run away with said wagon, whereby the horses were injured, the wagon broken; and that plaintiff was bruised and injured in attempting to hold and secure his said team and wagon, and for all which he asked a judgment for damages.

The defendant denied the allegations in the petition, and

charged that the injury, if any, happened by reason of the negligence of plaintiff. The plaintiff replied, and denied the negligence charged against him.

The cause was tried before a jury. The jury found a verdict for plaintiff for one hundred and seventy five dollars. Judgment was rendered on the verdict.

The plaintiff at the trial introduced evidence which tended to prove the facts stated in the petition, and tended to prove that the injury accrued by the negligent driving of defendant's team and carriage by defendant's servant.

The defendant gave evidence tending to prove, that his servant was not negligent, and also to prove that plaintiff's horses were not hitched or properly secured.

At the close of the evidence, the court on the part of the plaintiff instructed the jury : 1st. "If the jury believe from the evidence, that one Gerius while employed by the defendant, negligently drove into plaintiff's wagon, thereby causing said plaintiff injury, then the plaintiff is entitled to recover."

2nd. " If the jury find for the plaintiff, they will assess the damages at such sum, not exceeding the amount claimed in the petition, as will compensate the plaintiff for injuries to his property, loss of time in the use thereof, and also for injuries to his person, and physical pain thereby occasioned directly, if the jury believe from the evidence that plaintiff did endure physical pain and suffering directly consequent upon the act of defendant."

The defendant objected to said instruction and excepted.

The court then, at the instance of the defendant, instructed the jury, that " If they believe from the evidence, that the injuries complained of by plaintiff could have been avoided by plaintiff, if he had exercised proper and reasonable caution and care, they should find a verdict for the defendant."

2nd. "Although the jury should believe from the evidence that the collision between plaintiff's and defendant's teams, had occurred without any fault or negligence upon the part ·of plaintiff, yet if they believe that the plaintiff by the exercise of reasonable care and skill might have avoided the in-

juries that resulted after the collision, they should exclude those injuries from their consideration, and find a verdict for the defendant."

The defendant also moved the court to instruct the jury as follows :

"If the jury believe from the evidence, that the plaintiff's horses were not properly secured and made fast, and that circumstance contributed to the collision, they should find a verdict for the defendant."

"If the jury believe from the evidence, that the plaintiff through any fault or negligence upon his part in not properly hitching his horses, or in any other way, contributed to the injuries complained of, they should find a verdict for the defendant."

The court overruled these two last instructions, and the defendant excepted.

After the verdict, the defendant in due time filed a motion for a new trial, setting forth as grounds for said motion, the rulings of the court hereinbefore excepted to. This motion being overruled, the defendant again excepted, and appealed to the General Term of the Circuit Court, where the judgment of Special Term was affirmed, from which last judgment an appeal was taken to this court.

The only point presented by the appellant in his argument for the consideration of this court, is as to the propriety or impropriety of the rulings of the court that tried the cause, in the giving and refusing of instructions to the jury. Instructions should always be framed with reference to the facts in evidence to which they are to apply, and it is much more satisfactory for an instruction not only to be framed in reference to the plaintiff's theory of the case, but also to cover the ground assumed by the defendant in his defense, but this is not always necessary, provided the instructions given, all taken together, fairly present the law of both sides of the case to the jury, and present the whole case in a way that is not calculated to mislead. (Moore vs. Sauborin, 42 Mo., 490; McKeon vs. Citizens Railway Co., 43 Mo., 405; Marshall vs.

Thames Fire Insurance Co., 43 Mo., 586 ; also, Budd vs. Hoff-heimer, *ante* p. 297.)

In the case now being considered, the first instruction, if taken alone, would be subject to the objection that it ignores one ground of the defendant's defense, but, when it is taken in connection with the instructions given at the request of the defendant, we think altogether they fairly present the law growing out of the facts of the case. The evidence does not pretend to show, that the plaintiff was guilty of negligence in leaving his wagon where it was; it is only attempted to show, that, from the condition of the street and the wagon, the defendant, when taking the circumstances into consideration, was not guilty of negligence. The negligence of the plaintiff, as attempted to be shown, was that he had not safely hitched and secured his team, and thereby that he had contributed to the damage done.

We think that the instructions given, though not very carefully drawn, when taken together fairly placed the case to the jury, and if this was done, it is not necessary to further examine the instructions refused.

In a case like this, where the cost of a re-trial would be almost as much as the whole amount in controversy, unless it clearly appears that the jury have been misled to the prejudice of the appellant, this court will not interfere.

Judge Sherwood not sitting, the other Judges concurring, the judgment of the St. Louis Circuit Court will be affirmed.