SCHMIDT, Respondent, vs. AMERICAN MUTUAL ACCIDENT ASSOCIATION, Appellant.

*May 3 — May 30, 1897.*

*Accident insurance: Classification of risks: Change of occupation: "Supervising."*

1. By the manual for agents of an accident insurance company bakers were divided into two classes, "baker, proprietor, not working" being in class AA, and "baker, working shop or driving wagon,"

Schmidt vs. American Mutual Accident Association.

in class C. The home officers, however, were not absolutely bound by such classification, but might modify the same to suit the exigencies of particular cases. The company issued to an applicant, who stated that he was a "bakery and confectionery proprietor," "supervising," and worked for himself, a certificate insuring him as a "bakery and confectionery proprietor" under class AA. *Held*, that the company had made an exceptional classification and rated the risk as AA.

2. The acts of the insured in such case in not only indicating how the work should be done but actually taking hold and assisting therein when necessary or convenient would not constitute a substantial change of occupation, since the word "supervising," as used in the application, means taking part in the work.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action to recover $5,000 upon an accident insurance certificate issued by defendant, on account of the death by accident of Henry F. Schmidt, the husband of the plaintiff. The defenses necessary to be considered on this appeal were to the effect: (1) That the insured at the time of his death was engaged in a different and more hazardous occupation than that which he was supposed to be engaged in when insured, namely, that he was a "baker working," and not a "baker, proprietor, not working;" the rules and classification of the company providing that a baker working belonged to class C, upon whose death an indemnity of $1,500 was to be paid, whereas a baker, proprietor, not working, belonged to class AA, and upon his death an indemnity of $5,000 was to be paid. Wherefore the defendant asked reformation of the certificate so as to accord with the facts. (2) That at the time of the accident by which the deceased was killed said deceased was engaged in the performance of an act pertaining to a more hazardous occupation than that under which he was insured, and that under the terms of the policy there could only be a recovery of the indemnity provided for such more hazardous occupation.

The certificate was issued May 2, 1894, and ran in favor of the plaintiff.   The deceased was then a baker and confectioner, operating a small bakery and confectionery shop in Oshkosh, and also operating a saloon in the basement. He lived with his wife in the same building.   In February previous to the issuance of the policy, it appears, he discharged his baker, and thereafter he, up to the time of his death, managed his bakery and confectionery himself; the evidence showing that he superintended and gave directions as to the operation of the shop, and did some manual labor himself, while his wife and his servant girl did the greater part of the work.   He made written application for the issuance of the certificate in question, and in the application, in answer to appropriate questions, he described his occupation as "confectioner and baker proprietor," his duties as "supervising," and that he was employed by "himself;" and he applied for classification AA, which is the most favored class, the indemnity in case of death being $5,000. Upon this application the defendant issued to him a certificate describing him as "proprietor of confectionery and bakery," and classified him in class AA.   The indemnity for accidental death in this class, as above stated, is $5,000.   The certificate contained this provision among others: "If injury occurs while performing an act pertaining to an occupation classed by the association as more hazardous than the one under which this certificate is issued, or while engaged in a more hazardous occupation, such member or beneficiary shall be entitled to such amount of indemnity as the premiums paid would purchase in the class in which such occupation is classified."

For a short time previous to the issuance of this certificate the deceased had acted as agent of the defendant association, soliciting insurance, and had in his possession a copy of the defendant's agents' manual, containing the classification of risks adopted by the defendant.   In this manual

are the following classifications: "Baker, proprietor, not working or driving wagon, AA. Indemnity for death, $5,000." "Baker, working shop or driving wagon," also "confectioner working, class C. Indemnity in case of death, $1,500."

The deceased died from some sort of accident on the 19th of September, 1894. The facts in relation to his death are substantially undisputed and were stated by the circuit judge as follows: "He arose in the morning, ate his breakfast, went into his store, and looked over some bills for a few moments. After that he went out by the side door into his back yard for some purpose, and was seen a few moments after by one witness returning and staggering, or walking in an uncertain manner. He stopped, and supported himself for a moment on some object there, and then proceeded until he reached the vicinity of the door, when he fell near or upon a large cake of ice, two of which had been recently left there by the ice man. In so doing he received certain injuries which were the apparent cause of his death. This back yard adjoined a storehouse and chicken coop and several fruit stands and a pile of wood. It was also adjacent to a summer garden, in which he was accustomed to serve refreshments to his customers. No ice cream was made nor baking done that morning."

A special verdict was rendered, in which the jury found, in answer to appropriate questions: (1) That the deceased received his injuries through external violence and accidental means; (2) that such injuries were the sole cause of his death; (3) that none of the injuries were intentionally inflicted by another person; (4) that the manager of the defendant knew that the deceased kept a saloon before the last premium was paid. Upon this verdict judgment for the plaintiff for $5,000, interest, and costs was rendered, and the defendant appealed.

Schmidt vs. American Mutual Accident Association.

For the appellant there was a brief by *Phillips & Hicks*, and oral argument by *M. C. Phillips*.

For the respondent there was a brief by *Barbers & Beg-linger*, and oral argument by *Charles Barber* and *Fred Beg-linger*. To the point that supervising implied the doing of work, they cited *Neafie v. Manufacturers' Acc. Ind. Co.* 55 Hun, 111; *Brink v. Guaranty Mut. Acc. Asso.* 7 N. Y. Supp. 847; *Wilson v. N. W. Mut. Acc. Asso.* 53 Minn. 470; *National Acc. Soc. v. Taylor*, 42 Ill. App. 97; *Hall v. Am. Masonic Acc. Asso.* 86 Wis. 518.

WINSLOW, J.  Defendant's counsel frankly state that they make no contention here as to the accidental nature of the injuries received by the deceased, and that such injuries were the sole cause of his death.  They claim, however, that two questions should have been submitted to the jury, namely: (1) Whether or not the occupation of the deceased was that of a "baker working" at the time of his death; (2) whether his injuries occurred while he was engaged in a more hazardous occupation than that under which he was classified in his certificate.

Taking these questions in the inverse order, it is sufficient to say, as to the second contention, that there is absolutely no evidence in the case from which the jury could have found that the deceased was engaged in any act pertaining to the occupation of a working baker or confectioner when he received the fatal injuries.  In what manner he received the injuries seems quite a matter of mystery, but certain it is that there was no evidence which would have justified the jury in saying that he was actually working as a baker or confectioner at the time.

Nor do we think there was error in declining to submit the first question above referred to.  It is true that the manual of the defendant association classifies bakers in two classes,

to wit: "Baker, proprietor, *not working*" in class AA, for which class the death indemnity is fixed at $5,000; and "baker, working shop or driving wagon," in class C, for which class the death indemnity is fixed at $1,500. It affirmatively appears, however, from the defendant's manual, that these classifications are not inflexible, but may be varied by the home office as circumstances indicate that the applicant is entitled to a more favorable rating than that usually given to the particular occupation. Just such a modification seems to have been made in the present case. The deceased stated in his application that he was a "bakery and confectionery proprietor, supervising," and that he was working for himself. The defendant insured him, as a "bakery and confectionery proprietor," under class AA. It did not classify him as a "baker, proprietor, not working," as its manual specifies, but apparently made an exceptional classification, and rated the risk as "AA." Now, the defendant knew that the deceased was supervising his business. Supervising does not mean "not working." On the contrary it means, and would be naturally understood to mean, taking part in the work. Supervising indicates work, not idleness. It would be entirely consistent with supervising if the deceased not only indicated how work was to be done but actually took hold and assisted in the work when necessary or convenient. This seems to be just what the deceased was doing at the time the policy was issued, and what he continued to do. In our judgment the defendant made its classification with sufficient knowledge of the facts, and there has been no substantial change of such occupation.

No further questions are raised which require treatment. Some exceptions to the admission of evidence are referred to in the brief, but they are of no moment, especially in view of the fact that the bill of exceptions does not contain all of the evidence as to the cause of the accident.

*By the Court.*— Judgment affirmed.