ROSE EMMA HARDISTER, Respondent, v. THE SUPREME ORDER OF MARRIED MEN'S LEAGUE OF AMERICA, Appellant.

Kansas City Court of Appeals, June 4, 1906.

TRIAL PRACTICE: Instructions Covering Theory of Defense. Instructions should always be framed with reference to the evidence and should cover the theory of both parties. But where taken all together they fairly present the law of both sides to the jury, it is not necessary to give additional instructions covered by those already given.

Appeal from Randolph Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*W. A. Rothwell* and *T. H. Bacon* for appellant.

(1) The court erred in refusing to give defendant's instruction numbered five. The same was not inconsistent with other instruction given. McClure v. Feldman, 184 Mo. 710, 84 S. W. 16. (2) The defendant was entitled to an instruction on the legal effect of plaintiff's evidence. Porter v. Harrison, 52 Mo. 524. (3) The stipulation was against an occupation of greater hazard and not against the extent to which the insured may have incurred or evaded said hazard. 2 Bacon on Benefit Societies (3 Ed.), secs. 325, 491.

*Willard P. Cave* for respondent.

(1) The court did not err in refusing to give defendant's instruction numbered 5, for the reason that the issues had been thoroughly covered by the other instructions given in the case. Maxwell v. Railroad, 84 Mo.

95; Bradley v. West, 60 Mo. 59; Davis v. Railroad, 46 Mo. App. 180; Renshaw v. Insurannce Co., 33 Mo. App. 394; Henry v. Railroad, 113 Mo. 525; Naylor v. Cox, 114 Mo. 232. (2) Where the substance of the requested instruction has already been given, it is not error to decline to repeat such instruction, although in another form. Maxwell v. Railroad, 85 Mo. 95; Nugent v. Curran, 77 Mo. 323.

BROADDUS, P. J.—This is a suit by plaintiff on a benefit certificate issued by defendant on the life of her father, W. P. White. The petition makes the usual allegations, of the issuing of the certificate, a compliance with its conditions in every essential particular, the death of the insured and proof thereof, demand, and refusal of defendant to pay the amount of the insurance. The answer denies that said White complied with all the terms and conditions in said certificate, and for a defense alleges that in his application, which was made a part of the contract of insurance, the said White represented himself as a farmer; and that in said application he agreed among other things that he would not change his occupation to a more dangerous one without the written consent of defendant; that he did not keep said agreement in this, that after said certificate was issued, from December, 1902, he changed his occupation up to the time of his death, without the written consent of defendant, to a more dangerous one, to-wit: He bought a steam sawmill and personally engaged in running and conducting the same, when, on 22nd day of May, 1903, he was struck and killed by the operation of the machinery of said mill. The defendant further alleges that whatever premiums were received by defendant on said certificate were received without notice or knowledge of the change the said White had made previously of his occupation.

The plaintiff recovered judgment in the sum of $1,000, from which defendant appealed.

As the only question raised on the appeal relates to the alleged error of the court in refusing to give instruction numbered five, asked by defendant, it will only be necessary to state evidence that has a bearing upon that matter, and for that purpose we adopt the statement made by appellant, which respondent admits to be correct.

### STATEMENT.

"The plaintiff read in evidence the deposition of Mrs. Addie L. Higgs, daughter of insured. Witness did not see the accident but saw her father immediately afterwards. The mill was not running but while he was looking at the machinery he slipped and fell in the sawdust and in falling he caught a rope that started the engine to running, whereby he was caught in the machinery and injured so that he died about five hours later, May 21, 1903. 'He did not make a hand at the mill but he was overseer, paid off the hands and saw that the men were working.' R. A. Hardister, plaintiff's husband, testified that Mr. White was very seldom there at the mill and the witness was looking after that part of the business.

The mill had become out of order and the cylinder had to be bored out and it had been brought back from Texarkana. Steam had been raised but the engine was not running. Mr. White standing near the sawdust pit slipped and fell in among the belts and started the machinery, so as to inflict mortal injuries. Deceased had in his hand a piece of broken rope. G. B. Goodson was not at the mill at the time. He was over in the woods. E. Russell Jones was at the northwest corner of the boiler room— not near the place of the accident. The persons present were Jack Hainey, the fireman, Mrs. Higgs and Mrs. Hardister, plaintiff, the wife of witness. Mr. Ernest Powell had been the regular sawyer. He

had left there about May 1, the first part of May, 1903. Witness went to the mill about March 10, 1903. Mr. Powell was there then and had been.

Cross-examination: Mr. White had owned a farm in Randolph county, Missouri, but had sold it. Then he went down to Arkansas. About March 1, 1903, the witness and his wife and sister-in-law loaded all their household goods in a chartered emigrant car and went down to Boggy, Miller county, Arkansas, where the mill was. Mr. White was not engaged in any farming business there. He was on the road selling. Witness attended to making the payments of dues and assessments, They were all paid up to June, 1903. Harry McCullough, brother-in-law of witness, paid them to the agent at Moberly, Missouri, Mr. Seelan.

Re-Cross Examination: Mr. White attended to all outside business, the delivery of ties. It was admitted and agreed that all the dues and assessments against W. P. White were paid under the original application of said W. P. White as a farmer.

H. E. Powell testified that he arrived at Boggy, Arkansas, Feb. 1, 1903, and then and there took charge of the sawmill of W. P. White as his sawyer and the mill was so in charge of witness until May 9, 1903, when the witness went back to his home in Glasgow, Missouri. Mr. White did not make a hand at the mill. He delivered ties to the railroad; he saw after that and the timber business, cutting timber, and paid the hands — that was all. Witness did not suppose that Mr. White was there an hour in the day. And then he was not about the mill but in the log yard and the lumber yard measuring lumber, loading lumber, etc. His dwelling-house was about a hundred feet from the mill. Occasionally he was in Shreveport three of four days at a time and he also went to Texarkana— looking after the tie business.

Mrs. Rose Emma Hardister, the plaintiff, testified

that she was present at the accident but did not see it as a stack of lumber intervened. The mill was not running. As her father fell he grabbed a rope which started the machinery, so it seemed.

Instruction numbered five is as follows: "The court instructs the jury as a matter of law in this case, that in order for the defendant association to be entitled to a verdict in its behalf, it is not necessary that said defendant be required to prove that the deceased, W. P. White, was at the time of his death engaged in any one special or particular line of duty connected with the mill where he was killed; but on the contrary, if the jury believe and find from the evidence that W. P. White had, after becoming a member of defendant's association, abandoned the occupation of a farmer previous to his death, and had engaged in a different line of occupation relating in anywise to the running, managing and overseeing or operating of the sawmill described in evidence, and that such changed and different line of occupation was more hazardous than the occupation of a farmer, and that such changed occupation was engaged in by said White without the consent of said defendant association, and that said White met his death after having abandoned the occupation of a farmer and after having engaged in such new line of occupation, then the finding of the jury must be for the defendant and the jury will so state."

It is not denied by respondent that said instruction contains the law, but she claims that the same was a mere repetition of others given. The defendant's third instruction is as follows: "The court instructs the jury that if, from the evidence, they find that after the issuance of the certificate sued on, and prior and up to the time of the injuries causing the death of said W. P. White, he changed his occupation as a farmer to the occupation of running and conducting a sawmill; and that said change of occupation, if any, imposed on the

life of said W. P. White a greater hazard than the hazard of his occupation as a farmer, the jury will find for the defendant."

The plaintiff's instruction numbered one contains the following as one of the conditions of the contract, that plaintiff must prove to the satisfaction of the jury before she was authorized to recover. "And that said William P. White did not violate any of the conditions of the said policy, or of the application forming a part thereof, and did not during the life of said policy or certificate of insurance, change his occupation to one more hazardous than his said occupation at the date of said certificate of insurance," etc.

The appellant, to sustain its position, cites the following cases: McClure v. Feldmann, 184 Mo. 710, and Porter v. Harrison, 52 Mo. 524. In the former, the court holds that, "where the defense to an action of negligence is along two lines not inconsistent with themselves, instructions which separately present each defense are not inconsistent" and should be given. In the latter case, the holding is that: "Instructions should always be framed with reference to the facts in evidence to which they apply, and it is much more satisfactory for an instruction not only to be framed in reference to the plaintiff's theory of the case, but also to cover the grounds assumed by the defendant in his defense, but this is not always so, provided the instructions given, all taken together, fairly present the law of both sides of the case to the jury, and all the whole case in a way that is not calculated to mislead."

There was only one question before the jury and that was, was the changed occupation of the deceased more hazardous than that of a farmer?

The defendant's third instruction presents the issue in a clear and comprehensive manner; and supplemented as it was by plaintiff's instruction, the whole issue was fully and fairly presented to the jury, and, strictly speak-

ing, in compliance with the rule announced in Porter v. Harrison, supra, and all the authorities. Affirmed. All concur.