REBECCA ANN BATTEN, Respondent, v. MODERN
WOODMEN OF AMERICA, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. **BENEFIT SOCIETIES: Forbidden Employment: Interpretation.**
The provisions of a benefit certificate in regard to forbidden
pursuits should be construed reasonably in view of the object
to be attained which is to give insurance and not so as to cut
out insurance.

2. ———: ———: ———: **Switchman: Laborer.** Though a bene-
fit certificate prohibited the assured from doing any work of a
switchman or brakeman, it does not mean any work that a
switchman or brakeman may do, since to keep within absolute
literalness, one would have to forego any labor; and, *held*,
the evidence showed a clear distinction between the work of a
switchman and that of the plaintiff, though throwing a switch
occasionally may have been incidental to the plaintiff's ser-
vices.

3. **TRIAL PRACTICE: Contract: Instruction: Interpretation.**
Courts should interpret contracts and not submit them to
juries; and *held*, while an instruction may be open to criti-
cisms in leaving the meaning of the contract to the jury by
reason of its general terms, yet it received the necessary aid it
needed from defendant's instructions, and the charge taken as
a whole properly submitted the issues.

Appeal from Randolph Circuit Court.—*Hon. William
H. Martin*, Judge.

AFFIRMED.

*Benj. D. Smith* and *Tunnell & Hart* for appellant.

Where, as in this case, the uncontradicted and over-
whelming weight of the evidence shows the fact that
Batten was engaged in a hazardous occupation and
that his death was directly traceable thereto, it was
the duty of the trial court to direct a verdict for the
defendant, and the court erred in not so directing the
jury, and the appellate court will, on appeal, reverse
the judgment. Reichenbach v. Ellerbe, 115 Mo. 588,

and cases therein cited; Lavin v. Grand Lodge, 104 Mo. App. 1; Carroll v. Transit Co., 107 Mo. 653. (2) Where a verdict can be accounted for only on the ground of ignorance, partiality, prejudice, or passion, it will not be permitted to stand. Lang v. Moon, 107 Mo. 334, 17 S. W. 810; Caruth v. Richerson, 96 Mo. 186, 9 S. W. 633; Avery v. Fitzgerald, 94 Mo. 207, 7 S. W. 6; Garrett v. Greenwell, 92 Mo. 120, 4 S. W. 441; Spohn v. Railroad, 87 Mo. 74; Whitsett v. Ransom, 79 Mo. 258. (3) It is the duty of the court to construe the contract, and only issues of fact should be submitted to the jury. Bannock v. Elmore, 114 Mo. 55; Albert v. Bessel, 88 Mo. 150; Loesch v. Casualty Co., 176 Mo. 654, 75 S. W. 621. (4) The court erred in submitting the question as to the proper construction of the contract, with relation to the character of Batten's occupation, to the jury. Belt v. Good, 31 Mo. 129; Blakely v. Benneke, 59 Mo. 193; Bannock v. Elmore, supra; Milstead v. Mortgage Co., 49 Mo. App. 191.

*Willard P. Cave* for respondent.

(1) The court did not err in submitting the disputed issues to the jury. Hardister v. M. M. L., 118 Mo. App. 679; Supreme Lodge K. of P. v. Lillian H. Beck, 181 U. S. 49. (2) The court did not err in giving plaintiff's instruction number 1. (3) The court did not err in refusing instruction numbered 5 asked by defendant because same had already been given in instructions numbered 3 and 4 asked by defendant. Phillips v. Smoot, 15 Mo. 598; Powell v. Camp, 60 Mo. 569; Davis v. Railroad, 46 Mo. App. 180; Naylor v. Cox, 114 Mo. 232. (4) The court did not err in admitting testimony as to wages paid to switchmen and to the class of employees to which Batten was assigned, as same was a circumstance to be considered along with the other facts and circumstances detailed in the evidence. The verdict of the jury comes fairly within the

issues made in the trial, and is supported by substantial evidence.

ELLISON, J.—Plaintiff is the widow of William L. T. Batten, deceased, who, in his lifetime was a member of the defendant, Modern Woodmen of America, a fraternal benefit society. He took a benefit certificate in favor of the plaintiff for $1,000. After his death proofs of loss were made and defendant refusing to pay, the present action was instituted in which plaintiff prevailed in the trial court.

The certificate, and the by-laws which were made a part thereof, forbade deceased from engaging in the hazardous employment of a railroad switchman who engaged in switching, coupling or braking; or of a car coupler on all trains except air-brake trains. It also provided that "A person shall be held to be engaged in any of the foregoing hazardous occupations when the work or duties incident to his employment require him, occasionally or continuously, during any part of the year, to perform any of the work or duties of, or incident to, said hazardous occupation."

Deceased for four months prior to his death was engaged by the Wabash Railway Company as one of a gang of laborers around the railroad shops at Moberly. Their duties were to do common labor about the shops. In aid of their labor they used a small engine which was without tender or headlight and operated by one man. They did not work out in the switchyards, nor did they engage in the switching and braking attending upon the making up or breaking up of trains. The men worked in daytime, but on the occasion in question they worked over-time, running into darkness at that time of year—January, 1907. At time of his death he and another who was in charge of the small engine above mentioned, were moving a "dead engine" by pushing it into the shop. He was riding on the latter engine

and by some unknown means fell off and was crushed to death.

The defense was grounded on the plea that deceased was engaged at time of his death in one of the prohibited occupations within the meaning of the certificate, and defendant contends that the evidence established this and that its demurrer at close of plaintiff's case should have been sustained. We think not. The evidence leaves no room to claim that deceased was what is understood to be a railroad switchman, brakeman or car coupler, and we have only to see if it showed that the work or duties incident to the labor at which he was engaged required him "to perform any of the work or duties of, or incident to," such occupations. There is a considerable part of the labor one does in any one occupation that is common to all occupations. For instance, a laborer, when necessary, will move from place to place in doing his work, whatever his occupation. So the clause relied upon in defense cannot mean *literally* what it says. It must be construed reasonably in view of the object of the certificate, which was to give insurance; and not unreasonably, so as to cut out any insurance. [James v. Insurance Co., 113 Mo. App. 622; Foglesong v. Insurance Co., 121 Mo. App. 548.]

So, though the clause reads that the assured shall not do "any work" of a switchman or brakeman, it does not mean *any* work which a switchman or brakeman may do, for a part of the work of these two callings is common to all work, and to keep within the contract in absolute literalness one would have to forego any labor. The evidence was not such as would authorize a court to say, as a matter of law, that deceased was engaged in the prohibited occupations. The evidence made a clear distinction between the work of the laborers to whom deceased belonged and a switchman or brakeman. They did not get half the compensation of switchman and at no time were they transferred or re-

quired to take the place of switchmen. In using the little engine referred to above, it would sometimes be necessary to attach it to the article moved, and a switch would need to be thrown at times. While it could be said that deceased, in the prosecution of other work, would occasionally do that which switchmen do, yet, it was a mere incident to his work and not work which was incident to the occupation of a switchman.

If it had been desired to include in the certificate the whole breadth of defendant's present contention, it could have been so easily and naturally inserted that the act of throwing a, switch or coupling a car, or going from place to place to do either of those acts, would avoid it, that we can but consider such was not the intention.

Objection is made to plaintiff's first instruction in that it is said to have submitted legal questions as to the interpretation of the contract to the jury. It is quite true that it is the duty of the courts to interpret contracts, and it may be that the generality of expression in the latter part of the instruction left it open to the criticism made. But the instruction gave no erroneous direction. It needed to be made more particular in order that its general terms as to duties of a switchman, etc., would be understood. It received that needed aid from defendant's instructions, and when the whole are read together, as they should be, there is no room to suppose there was a misleading or confusing direction given to the jury. [Hardister v. Married Men's League, 118 Mo. App. 679.]

What we have already said shows that, in our opinion, no error was committed in refusing instruction numbered 5.

All considered, we do not believe we would be justified in disturbing the judgment, and it is accordingly affirmed. All concur.