## IDA B. MILLER, Respondent, v. MISSOURI STATE LIFE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, February 17, 1913.

1. **ACCIDENT INSURANCE: Occupation: Supervisor: Labor.** It was stated in a policy of insurance that the assured's occupation was a contractor and that his duties were "traveling and supervising only." It was *held* that the term "supervising only" did not mean that he should totally abstain from labor; and that if he should discover the necessity of doing some temporary labor, and perform it, he would not lose his character as supervisor.

2. ———: ———: **Policy: Hazard: Risk: Manual: Evidence.** A policy of accident insurance provided that if the insured suffered injury "while exposed to the hazard of an occupation classed by the company as more hazardous than that" stated in the policy, the liability should not exceed such portion of the principal as the premium paid would purchase at the rates fixed by the company for such more hazardous occupations. These more hazardous occupations and classifications of risks were set out in the company's manual, but this manual was not mentioned nor referred to in the policy. It was *held* that its introduction in evidence was properly refused.

3. ———: ———: **Policy: Reference.** In order that provisions in the manual of an insurance company should become a part of the policy, they should be embodied therein or plainly and unmistakably referred to and pointed out.

4. **MOTION FOR NEW TRIAL: Waiver: Points and Authorities.** Objections saved in a motion for a new trial may be abandoned in the appellate court by the appellant, and if they are not mentioned in his brief of points and authorities, will be considered as waived.

Appeal from Johnson Circuit Court.—*Hon. A. A. Whitsett,* Judge.

AFFIRMED.

*A. G. Moseley* and *Hale Houts* for appellant.

*J. W. Suddath & Son* for respondent.

ELLISON, J.—This action is based on a policy of accident insurance which was issued to Oliver Miller for three thousand dollars with plaintiff, his daughter, as beneficiary in case of his death by accident within the provisions of the policy. The premium was fifteen dollars. Plaintiff had judgment in the trial court.

The seventh paragraph of the policy is as follows:

"Hazard of Risk. (7). If the insured sustains injury, fatal or otherwise, while exposed to the hazard of an occupation classed by the company as more hazardous than that stated in the schedule of warranties, except ordinary duties about residence, the liability of the company shall not exceed such proportion of the principal sum or other indemnity under this policy as the premium paid by the insured will purchase at the rates fixed by the company for such more hazardous occupation."

The third and fourth paragraphs of the schedule of warranties referred to are as follows: "3rd—My occupations are, contractor, classed by the company as A. Pref. 4th.—My duties are traveling and supervising only."

Deceased's business was contracting for lighting and heating plants. At the time of his death a plant was being put in for a residence which would require the work of several men several days. Deceased was looking after other work being done, and he went to the place in question on the evening of the second day, intending to leave the next morning for another place; and but for his death would have left within an hour after. The trenches were dug and the tank put in, and as it did not seem to work properly, deceased was adjusting it and in doing so was stooping over it when an explosion occurred, throwing the lid against his face and killing him.

It will be noticed that the seventh paragraph above quoted provides that if an assured is injured

while exposed to a risk more hazardous than that stated in the schedule of warranties, the liability will not exceed such portion of the amount named in the policy as the premium paid would purchase at the company's rates for such more hazardous occupation. That is to say, the applicant is insured for the full amount named in the policy, if killed in occupations named in the schedule of warranties; but if he is killed by a more hazardous occupation than that, the company will only pay what the premium would have bought for such class of occupation, at the rate fixed for such occupation.

The company claims that deceased, when killed, was in fact engaged in a more hazardous occupation than is specified in the schedule of warranties "a contractor working," and that it was an occupation in which the premium paid would purchase one-half the face of the policy, viz., $1500; and for that amount it conceded its liability. Plaintiff, on the other hand, insists that deceased's occupation at the time of his death was covered by the schedule of warranties, viz., that he was a contractor engaged only in supervising. It thus appears that the parties concede that deceased was a contractor, but differ as to what he was doing when killed, plaintiff insisting that he was supervising, and defendant that he was laboring.

The effect of defendant's position is that if one has a policy of accident insurance which states the insured's business to be a supervisor only, it is avoided if he, himself, does anything in the way of labor while occupying the position of supervisor. We think the language employed should receive that reasonable construction which it will be supposed business men of intelligence would intend. [Batten v. Modern Woodmen, 131 Mo. App. 381.] As has been stated, it is agreed deceased was a contractor, and we can see no sound reason for the assertion that a contractor loses his character as a supervisor because he sees the need

of some temporary labor on his part to enable him properly to carry on his duty of supervision. In this case the evidence shows that deceased was directing or supervising the work and was not engaged as one of the laborers. If he had not been killed he would soon have left and gone to another place. The fact that after seeing the tank was not working properly he undertook to adjust it, so as to see if it would properly perform its function, did not destroy his capacity as supervisor within the meaning of the schedule of warranties. [Schmidt v. Insurance Co., 96 Wis. 304; Hall v. Insurance Co., 86 Wis. 518; Thorne v. Insurance Co., 106 Me. 274; Neafie v. Insurance Co., 55 Hun, 111; Batten v. Modern Woodmen, supra. In the first of these cases it is said that: "Supervising does not mean not working. On the contrary, it means, and would be naturally understood to mean, taking part in the work. Supervising indicates work, not idleness. It would be entirely consistent with supervising, if the deceased not only indicated how work was to be done, but actually took hold and assisted in the work when necessary or convenient."

In the second case it was held that "a grocer delivering goods," as expressed in a policy, meant one habitually doing so; and did not apply to one who occasionally delivered himself. In the third case it is held that where the insured's occupation is stated to be manager of a beef company, his duties being described as "office duties and traveling only," the insurer is liable for injuries received by the insured while in a refrigerator of the company directing the transfer of carcasses from one truck to another, and illustrating to the workmen how to do the work.

Defendant has presented an objection to the ruling of the trial court in rejecting an offer of evidence. It had what is termed a "manual," giving definitions of terms and classifications of risks. It contained the company's definition of the words and terms "occu-

pation" and "contractor working," as well as "contractor supervising only." Plaintiff concedes that if these definitions are to be considered as controlling in the construction of the policy, she would only be entitled to recover half the sum named in the policy, for the classification of risks made under such definitions puts plaintiff's claim in a class which would entitle her only to recover that amount. The manual giving these definitions was not a part of the policy, nor was it mentioned or referred to therein; yet if its provisions were to have the effect desired by defendant, they would have become one of the principal parts of the contract. To have had this effect they should have been embodied in the face of the contract, or referred to therein and made a part thereof in plain unmistakable terms. [McDonald v. Insurance Co., 154 Mo. l. c. 628, 629; Elliott v. Safety Fund Life Ins. Co., 76 Mo. App. 562; 1 Joyce on Insurance, sec. 191.] We have no doubt of the correctness of the trial court's ruling.

Some objections to the instructions for plaintiff, as well as those refused for defendant, are covered by what we have written. Others we think technical and unsubstantial. Many suggestions made by defendant by way of objections are matters which stood admitted. There were some other objections as to testimony, but we are satisfied in view of the fact that no fraud was pleaded, that no error was committed. We have covered substantially all questions made in defendant's brief as disclosed by its points and authorities.

We are satisfied no error was committed materially affecting the merits of the case, and that the judgment was for the right party, and hence affirm it. All concur.