NELLIE REDMOND, APPELLEE, v. UNITED STATES HEALTH & ACCIDENT INSURANCE COMPANY, APPELLANT.

FILED SEPTEMBER 26, 1914. No. 17,772.

Insurance: "CHANGE OF OCCUPATION:" EVIDENCE. Under an accident insurance policy diminishing the indemnity if assured sustains injury "after having changed his occupation to one classed by the company as more hazardous" than that stated in the contract, "or while doing any act or thing pertaining to any occupation so classed," a change in occupation from "receiving clerk, office duties only," to "foreman," classed as more hazardous, or the doing of "any act or thing pertaining to any occupation so classed," is not shown by proof that assured, who remained in and performed the duties of his occupation as receiving clerk, was accidentally killed while temporarily directing other men in the performance of their duties to his employer.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE.  *Affirmed.*

*E. C. Page,* for appellant.

*Murphy & Winters, contra.*

ROSE, J.

This is a suit to recover accident insurance in the sum of $2,000 on a policy issued by defendant to Moses M. Redmond, who was killed in Omaha by the falling of a derrick-boom, while in the employ of the Witherspoon-Engler Company.  Plaintiff is the wife of assured, and is the beneficiary named in the policy.  The contract provides: "If the assured sustains injury, fatal or otherwise, or contracts illness, after having changed his occupation to one classed by the company as more hazardous than that herein stated, or while doing any act or thing pertaining to any occupation so classed, then this insurance shall not be forfeited, but the liability of the company shall be only for such proportion of the principal sum or other indemnity as the premium paid by the assured will purchase at the rates fixed by the company for such more hazardous occupation."  The substance of the defense urged on appeal is that Redmond was insured as a "receiving clerk, office duties only;" that he was killed while discharging the duties of a foreman, an occupation classed by defendant as one more hazardous than that of receiving clerk, or while doing an "act or thing" pertaining to an occupation so classed; that in no event did he purchase insurance in excess of $1,000 applicable to the changed occupation, and that defendant is not liable under its policy for any greater sum.  After evidence had been adduced on both sides the trial court discharged the jury and rendered judgment in favor of plaintiff for the full amount of her claim.  Defendant appeals.

It is argued that the evidence on the issue as to assured's change of occupation is conflicting, and that therefore there was error in taking the case from the jury.  Evidence

that assured at the time of his death was receiving clerk for his employer is uncontradicted. He received shipments of materials for his employer and kept a record thereof. A book in which he kept accounts as receiving clerk was found upon him after he had been killed. There is proof, however, tending to show that, immediately before the fatal accident, he had been directing some of his employer's men in excavating or in preparing for work of that kind. He was not the regular foreman, and did not, as such, have charge of them. His acts in directing them were at most of a temporary nature. None of his duties as receiving clerk had been abandoned. Within the law of accident insurance under the policy issued by defendant, this does not amount to a change of occupation to a class more hazardous than that of "receiving clerk, office duties only," or to "doing any act or thing pertaining to any occupation so classed." The use of the term "office duties only," in describing the occupation of assured, does not necessarily limit the risk to accidents occurring in the office where his duties are generally performed. There is no such limitation in the contract. According to the nonforfeitable clause quoted, the provision for diminishing liability does not reduce the indemnity of assured, unless injured "after having changed his occupation to one classed by the company as more hazardous than that herein stated, or while doing any act or thing pertaining to any occupation so classed." Mere temporary services of an employee for his employer outside of the regular employment do not constitute a change of occupation within the meaning of this language. In accepting his policy assured never intended to relinquish half of his insurance, if injured while performing for his employer some little act not strictly within the duties of his regular occupation. The amount of the indemnity should not be made so precarious by unnecessary construction of language. The diminished liability for which the contract provides applies to a change of occupation, or to the doing of an act or thing pertaining to a changed occupation classed as more hazardous than the one abandoned, and not to mere temporary acts gen-

erally performed by those in other occupations, where there has in fact been no change in assured's occupation. *Thorne v. Casualty Co. of America,* 106 Me. 274; *Miller v. Missouri State Life Ins. Co.,* 168 Mo. App. 330, 153 S. W. 1080.

It follows that in law there was no evidence of any change of occupation within the meaning of the policy issued by defendant, and that there was no question of fact to be submitted to the jury.

AFFIRMED.

FAWCETT, SEDGWICK and HAMER, JJ., not sitting.