HENRY O. WOMACK v. FEDERAL LIFE INSURANCE COMPANY.

(Filed 2 May, 1934.)

1. **Insurance R a—Evidence held sufficient to support finding that insured had not changed occupation to more hazardous one.**

   Insured brought suit on a policy of accident insurance providing for a diminishing schedule of liability if the insured should change his occupation to one classified in the policy as more hazardous. When the policy was issued plaintiff was employed as warehouse foreman, and as a part of his duties he was sometimes required· to run the machinery in the plant. Thereafter, plaintiff was discharged, and while unemployed, returned to the plant to cut dewberry stakes for his garden, and while using a circular saw for this purpose, accidentally cut his hand off. Defendant contended that plaintiff was injured while engaged in the more hazardous occupation of "sawyer not using automatic guard": *Held,*

the change of occupation referred to in the policy did not relate to mere temporary acts generally performed by those in other occupations, and as the act causing the injury in suit could have been done while insured was engaged in the occupation of warehouse foreman, the jury's finding from the evidence was that the insured had not changed his occupation to one classified by the policy as more hazardous will not be disturbed on appeal.

**2. Insurance E b—**

Clauses in insurance policies providing for forfeiture of all or part of the benefits provided therein will be construed favorably to assured.

APPEAL by defendant from *Sink, J.,* at October Special Term, 1933, of MECKLENBURG.

Civil action to recover on a policy of accident insurance.

Liability is admitted, but the amount is contested over the following provisions in the suit policy:

"This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy or while he is doing any act or thing pertaining to any occupation so classified except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limit so fixed by the company for such more hazardous occupation."

The application upon which the policy was issued contains the following questions and answers:

"3. What is your occupation? Superinted. of warehouse, not foreman. 4. What are the duties of your occupation? Office and superintending duties only."

The plaintiff was employed at the Grinnell Company, dealers in sprinkler systems, and it was a part of his duties to instruct the workmen in the use of the machinery, including the operation of a ripsaw, etc., and, in emergencies, to run the machinery in the shop.

In July, 1932, the plaintiff was relieved of his duties with the Grinnell Company due to poor business conditions. He joined the army of the unemployed and retired to his home near Charlotte. On 5 October, 1932, plaintiff went to the Grinnell plant to saw some posts into stakes to use in staking dewberries on his place. While so using the circular saw, his foot slipped on a round piece of pipe and he fell against the saw and cut off his left hand nearly half way to the elbow.

Plaintiff contends that, under the terms of the policy, he is entitled to recover $2,250, the amount provided for the loss of one hand, plus $75.00 surgical fee.

It is the contention of the defendant that the plaintiff had changed his occupation from that which he held when the policy was issued, "Superintendent," and was engaged in an act or thing pertaining to an occupation, "Sawyer, not using automatic guard," classified as six times more hazardous when he was injured; and that the maximum liability under the policy is $375.00. Judgment was tendered for this amount.

Upon the issues thus joined and raised by the pleadings, the jury returned a verdict in favor of the plaintiff's contention. From the judgment entered thereon, the defendant appeals, assigning errors.

*Taliaferro & Clarkson for plaintiff.*
*J. Laurence Jones and J. L. Delaney for defendant.*

STACY, C. J. The evidence shows, and the jury found, that plaintiff was engaged in no more hazardous undertaking at the time of his injury than was imposed by his duties as superintendent when the policy was issued. *Hoffman v. Ins. Co.,* 127 N. C., 337, 37 S. E., 466. In the face of this showing and finding, it would seem that plaintiff is entitled to recover the full amount provided for the loss of a hand, as stipulated in the policy, and not according to the schedule of diminished liability. *Smith v. Ins. Co.,* 179 N. C., 489, 102 S. E., 887. There was no change to a more hazardous occupation as contemplated by the clause in question. Indeed, in no legitimate sense could it be said that plaintiff was pursuing the occupation of a "Sawyer not using automatic guard" at the time of his injury. *Simmons v. Travelers' Asso.,* 112 N. W. (Neb.), 365.

It is contended, however, that, at the time of the accident, plaintiff was doing an act or thing pertaining to the more hazardous occupation of sawyer, which automatically reduced the indemnity under the policy. *Non constat* that the same act or thing might not have been done by the plaintiff as superintendent, the position he held when the policy was issued.

It appears, then, that as superintendent of the Grinnell plant, plaintiff might have been engaged in the same act which produced his injury without diminishing the liability under the policy. Hence, it is just as reasonable to say that at the time of plaintiff's injury he was engaged in an act or thing pertaining to the occupation of superintendent, as it is to refer it to the more hazardous occupation of sawyer. The evidence supports the verdict, and we are bound by the jury's finding.

The provision with respect to diminished liability has reference to a changed occupation, classed as more hazardous than the one stated in the policy, and not to mere temporary acts generally performed by those in other occupations, where there has in fact been no change to a more hazardous occupation, but only a loss of assured's position. *Redmond v. Ins. Co.,* 96 Neb., 744, 148 N. W., 913; *Thorne v. Casualty Co.,* 106 Me., 274, 6 Atl., 1106; *Miller v. Ins. Co.,* 168 Mo. App., 330.

The clause in question, being one in the nature of a forfeiture of a portion of the benefits provided for in the policy, will be construed favorably to the assured. *Smith v. Ins. Co.,* 175 N. C., 314, 95 S. E., 562; *Cottingham v. Ins. Co.,* 168 N. C., 259, 84 S. E., 274; *Gazzam v. Ins. Co.,* 155 N. C., 330, 71 S. E., 434. The courts look with disfavor upon forfeitures. *Johnson v. Ins. Co.,* 172 N. C., 142, 90 S. E., 124.

The plaintiff had not changed his occupation to a more hazardous one. He was unemployed at the time and had temporarily returned to do an act or thing which might have pertained to his original occupation. This did not increase the hazard against which the defendant's policy was intended to protect him. The verdict and judgment will be upheld.

No error.