FEDERAL LIFE INSURANCE COMPANY v. JOHN W. NICHOLS.

(Filed 8 April, 1936.)

1. **Insurance I b—Evidence held not to disclose fraud in insured's application for policy of accident insurance.**

   Insured's application for a policy of accident insurance stated that insured's occupation was a lumber buyer and salesman on the yards of his employer, not handling lumber.   Insurer's evidence tended to show that insured inspected and checked lumber bought and sold, and supervised the loading and unloading of lumber by other employees.   *Held:* Insurer's evidence does not establish fraud in the application, the acts established by the evidence being ordinarily incidental to the occupation of a buyer and seller of lumber as stated in the application.

2. **Insurance R a—Evidence held not to establish that insured was engaged in more hazardous duties at time of accident.**

   The policy in suit insured defendant for accidental injuries sustained in his occupation of buyer and seller of lumber on the yards of his employer, and provided for a smaller rate of compensation if accidental injury occurred while insured was engaged in a more hazardous duty. The evidence disclosed that insured was injured while directing other employees in moving a car loaded with lumber when the car accidentally ran over his foot.   *Held:* The evidence discloses that insured was injured while engaged in a duty incidental to his occupation as a buyer and seller of lumber, and not one requiring the handling of lumber, and insured's recovery is not governed by the schedule for injuries sustained in more hazardous duties.

APPEAL by plaintiff from *Phillips, J.,* at October Term, 1935, of WILKES.   No error.

Two causes of action are alleged in the complaint in this action.

On the allegations which constitute the first cause of action, the plaintiff prays judgment declaring that the policy of insurance described in the complaint, which was issued to the defendant by the plaintiff on

15 May, 1931, is void, and ordering that the same be canceled on the ground that its issuance was procured by false and fraudulent representations made by the defendant in his application for said policy, with respect to his occupation and the duties incident thereto.

On the allegations which constitute the second cause of action, the plaintiff prays judgment that the defendant be reclassified with respect to his occupation in accordance with the provisions of the policy, for the purpose of determining the amount for which the plaintiff is liable to the defendant, if any, under the policy, for the loss of a foot on 6 June, 1931.

In his answer the defendant denies the allegations of the complaint which constitutes the two causes of action alleged therein, respectively, and prays judgment that plaintiff recover nothing on either of the causes of action alleged in the complaint.

On the allegations of his answer, which constitute the cause of action set up therein in his cross action against the plaintiff, the defendant prays judgment that he recover of the plaintiff the sum of $2,500.00, and the costs of the action.

The evidence at the trial shows the following facts:

On 4 May, 1931, at the solicitation of an agent of the plaintiff, the defendant signed an application to the plaintiff for a policy of insurance. In the application the defendant represented that he was at that time a "lumber buyer and salesman—not handling lumber (in yards or woods)," and that he was then employed by "C. D. Coffey, wholesale lumberman, at North Wilkesboro, N. C." The application was signed by the defendant at his office. At the time he signed the application the defendant disclosed to plaintiff's agent all the facts relative to his occupation and employment, and it was agreed by and between the defendant and the agent that the defendant was entitled to classification, with respect to his occupation, as a lumber buyer and salesman—not handling lumber.

Pursuant to the application signed by the defendant on 15 May, 1931, the plaintiff issued to the defendant the policy of insurance described in the complaint, which contains the following provision:

"The policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance, except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid

would have purchased at the rate, but within the limit so fixed by the company for such more hazardous occupation."

After the issuance of the policy, and while same was in force, to wit: On 6 June, 1931, the defendant suffered the loss of a foot by an accident which occurred in the lumber yard of his employer, C. D. Coffey, at North Wilkesboro, N. C. At the time of the accident the defendant was engaged in the performance of duties incident to his occupation and employment, as stated in the application and in the policy. Under the provisions of the policy the defendant was entitled to an indemnity of $2,500 for the loss of his foot. His claim for such indemnity was duly made and denied by the plaintiff.

As incident to his employment by C. D. Coffey as a buyer and salesman of lumber on his lumber yard at North Wilkesboro, the defendant was required, from time to time, to inspect and check lumber bought and sold by him and to supervise the loading and unloading of said lumber by other employees of C. D. Coffey, and in that respect to act as foreman of the yard. He was not required to handle lumber, and was not handling lumber at the time of the accident which resulted in the loss of his foot.

At the close of the evidence the defendant moved for judgment as of nonsuit on both causes of action alleged in the complaint. The motion was allowed, and the plaintiff duly excepted.

Issues tendered by the defendant and submitted to the jury were answered as follows:

"1. Did the plaintiff issue to the defendant the insurance policy described in the pleadings? Answer: 'Yes.'

"2. What amount, if any, is the defendant entitled to recover of the plaintiff? Answer: '$2,500.' "

From judgment that the defendant recover of the plaintiff the sum of $2,500, and the costs of the action, the plaintiff appealed to the Supreme Court, assigning as errors in the trial the dismissal of plaintiff's action against the defendant, and the peremptory instructions to the jury on the issues submitted by the trial court.

*Bowie & Bowie, John R. Jones, and J. M. Brown for plaintiff.*
*Burke & Burke and Trivette & Holshouser for defendant.*

CONNOR, J. On the admissions in the pleadings, which were introduced as evidence by the plaintiff at the trial of this action, the defendant is entitled to recover of the plaintiff the sum of $2,500, under the terms and provisions of the policy of insurance described in the pleadings, unless, as alleged in the complaint, the issuance of said policy was procured by false and fraudulent representations with respect to his

occupation at the date of the application, made by the defendant in his application, or unless, as further alleged in the complaint, after the issuance of the policy, the defendant changed his occupation to one more hazardous than that stated in the application and in the policy, or unless at the time he suffered the loss of his foot by accident he was engaged in the performance of an act pertaining to the more hazardous occupation.

At the close of the evidence for the plaintiff, the trial court was of opinion that the plaintiff had failed to offer any evidence tending to support the allegations of its complaint, and accordingly, on motion of the defendant (C. S., 567), dismissed plaintiff's action. In this there was no error.

There was no evidence tending to show that the representations made by the defendant in his application for the policy, with respect to his occupation and the duties incident thereto, were false or fraudulent. The defendant's occupation, as stated in the application and in the policy, to wit: "Lumber buyer and salesman—not handling lumber in yards or woods)," ordinarily includes as its incidents the inspection and checking of lumber bought and sold. The defendant's employment, as stated in the application, to wit: As buyer and salesman of lumber on the yards of his employer, ordinarily includes the supervision of the unloading of lumber bought by him and the loading of lumber sold by him. These duties are incidental to the occupation of a buyer and salesman of lumber, employed by a wholesale lumberman, and do not require of him the handling of lumber. The performance of these incidental duties do not increase the hazards of the occupation of buying and selling lumber.

At the time the defendant was injured by an accident which resulted in the loss of his foot, he was at work on the lumber yard of his employer. He had directed other employees of his employer to move a car loaded with lumber. The car accidentally ran over and knocked him down on the track. The injury to his foot necessitated its amputation. He was not engaged at the time of the accident in the performance of an act which was incident to an occupation more hazardous than that stated in his application or in the policy. For that reason the plaintiff was not entitled to a reclassification of the defendant with respect to his occupation, with the result that it would be liable to the defendant, under the policy, for a smaller sum than $2,500.

In support of the dismissal by the trial court of plaintiff's action against the defendant, see *Womack v. Ins. Co.,* 206 N. C., 445, 174 S. E., 314; *Smith v. Ins. Co.,* 179 N. C., 489, 103 S. E., 887, and *Hoffman v. Ins. Co.,* 127 N. C., 337, 37 S. E., 466.

The judgment in this action is affirmed.

No error.