Leonard J. KOLIE, Respondent,

v.

Jay W. RUBY, a minor, by his father and guardian ad litem, J. Craig Ruby, Appellant.

No. 22497.

Kansas City Court of Appeals.

Missouri.

April 1, 1957.

---

J. R. Clagett, Thomas J. Wheatley, Kemp, Koontz, Clagett & Norquist, Kansas City, for appellant.

Martha Sperry Hickman, Michael J. Drape, Quinn & Peebles, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action for damages for personal injuries, and, also for damages done to plaintiff's automobile. Plaintiff had a

verdict and judgment for $5,000. Defendant has appealed.

The facts are: On August 19, 1954, an eastbound automobile driven by plaintiff and a northbound automobile driven by defendant collided at the intersection of 31st Street and Southwest Trafficway in Kansas City, Missouri. The intersection is controlled by an automatic traffic signal. The accident happened about 4:00 o'clock in the afternoon. It was a warm day, the streets were dry and the traffic was very heavy. Thirty-first Street approaching Southwest Trafficway from the west is a steep upgrade. The intersection is substantially level, and 31st Street going east from the Trafficway is slightly upgrade.

Southwest Trafficway south of 31st Street has three northbound and three southbound traffic lanes, the north and south bound traffic lanes being separated by a medial strip about three feet wide. Each traffic lane is about ten feet wide. Approaching 31st Street from the south going north, Southwest Trafficway is downgrade from about a block south to the intersection. Thirty-first Street and Southwest Trafficway intersect at right angles.

According to plaintiff's testimony, on the occasion in question, he entered the intersection eastbound on 31st Street at about five miles an hour. The traffic signal was green for him when he was fifteen or twenty feet west of the intersection and when he entered the intersection. When plaintiff got about halfway through the portion of the Trafficway for southbound traffic, he stopped for two cars westbound on 31st Street that turned south in front of him. The front wheels of his car were then about entering the lane for southbound traffic closest to the middle strip. There were cars stopped waiting to go north in the two lanes nearest the middle strip of the three lanes for northbound traffic. Plaintiff knew that the light would be changing so as he proceeded though the intersection, he glanced at those two cars he had to pass in front of. The car in the middle northbound lane "started to

take off", and "it held me back." As the car in the center northbound lane started to pull out (and there it stopped), plaintiff had to stop for it. Plaintiff said he did not know what the color of the traffic light was then. He looked south for the last time when the front end of his car was just about to enter the center lane for northbound traffic. That was twenty feet from the point of the impact. Plaintiff proceeded until the front wheels of his car were "just east of the curb line on the east side of the Trafficway." At that instant his car was hit on the right side "towards the rear" by defendant's car northbound in the traffic lane nearest the curbing. Plaintiff did not see defendant's car at any time before the collision.

In view of the fact that we have reached the conclusion that this case must be remanded for a new trial on account of an erroneous instruction, it is unnecessary to describe plaintiff's injuries or to set out the evidence in further detail.

■ Defendant's first contention is that the court erred in refusing to sustain his motion for a directed verdict made at the close of all the evidence. The ground for this motion was that plaintiff was guilty of contributory negligence as a matter of law. In determining this question we, of course, must view the evidence in a light most favorable to plaintiff.

According to plaintiff he looked toward the south for the last time when the front end of his car was about to enter the center lane of the northbound traffic on the Southwest Trafficway. He should have been able to see to "the crest of the hill" on the south, a distance of "more than a city block." He saw no car approaching in the third or outside lane. That there was, in fact, no car then in that lane is shown by defendant's admission to the police officer, who appeared on the scene shortly after the collision had occurred. The officer testified that defendant "stated he was north-bound on Southwest Trafficway and was driving at about thirty to thirty-five miles an hour, the light changed·

to green as he approached the intersection, and *he pulled around some stopped cars, on the right hand side of the cars,* and that he saw the number two car (plaintiff's) just before the impact."

■ " 'Negligence is ordinarily a question for the jury. It is always so where different minds might reasonably draw different conclusions from the evidence as given. Negligence cannot be conclusively established, as a matter of law, upon a state of facts on which fair minded men of ordinary intelligence may differ as to the inferences to be drawn therefrom. * * * Before a court would be authorized to declare a plaintiff guilty of contributory negligence, as a matter of law, the evidence must be such as to permit of no other reasonable conclusion, giving the plaintiff the benefit of every reasonable inference that may be drawn from the evidence in his favor.' " Fierce v. Shapleigh Hardware Co., Mo.App., 14 S.W.2d 511, loc. cit. 513, quoting from Gillaspie v. Louisiana & M. R. R. Co., Mo.App., 260 S.W. 547.

■ Giving plaintiff the benefit of every reasonable inference that may be drawn from the evidence in his favor precludes us, we think, from saying that he was negligent as a matter of law.

Instruction No. 1 given on behalf of plaintiff purported to cover the entire case and direct a verdict. It reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that Southwest Trafficway is a public street and thoroughfare in Kansas City, Jackson County, Missouri, extending in a north and south direction, and that 31st Street is a public street and thoroughfare running in a generally east and west direction and intersecting said Southwest Trafficway, and you further find that said intersection is controlled by traffic lights of red, green and amber colors and you further find and believe from the evidence that on the 19th day of August, 1954, plaintiff was driving his automobile east at said intersection, that he entered said intersection with the green light and was prevented from proceeding through the intersection because of traffic ahead of him, if so, and you further find from the evidence that while plaintiff *was thus halted in said intersection,* if so, said lights for east and west traffic changed to amber and then red, and you further find that at all times herein referred to, plaintiff was in the exercise of the highest degree of care for his own safety, and you further find and believe from the evidence that defendant was driving an automobile northwardly towards said intersection, *while plaintiff's automobile was so situated in said intersection,* if so, and you further find the defendant did not stop his automobile and did not yield the right-of-way to plaintiff, but proceeded into said intersection and collided with the automobile plaintiff was driving * * *."

Defendant contends that this instruction is erroneous in several respects. It is only necessary to consider one of his objections. In the first place, defendant says, the instruction does not conform to the evidence in the case and requires a finding as to which there is no supporting evidence whatever. This is true. The instruction places plaintiff's vehicle in a halted position at the time the impact occurred. There was absolutely no basis in the evidence for the required finding that plaintiff's car was "halted" in the intersection at the time the impact occurred. The undisputed testimony was that plaintiff's car was *moving* at that time.

■ Instructions must be based upon and supported by the evidence. Noe v. Thompson, Mo.Sup., 173 S.W.2d 896. They should always be framed with reference to the facts in evidence. Porter v. Harrison, 52 Mo. 524. And when one predicates the facts in direct contradiction to all the evidence it is erroneous. J. F. Meyer Mfg. Co. v. Sellers, 192 Mo.App. 489, 182 S.W. 789.

Other objections are made touching the conduct of the trial. However, these need not be discussed. The matters to which they relate will not likely arise again upon a retrial.

For the error committed in the giving of Instruction No. 1 the judgment is reversed and the cause remanded. All concur.